## Wytheville

CHAPIN AND OTHERS v. LAKE AND OTHERS

June 11, 1914.

Absent, Cardwell, J.

1. STREETS—*Obstructions—Removal—Abandonment of Street.*—Under the facts and circumstances of this case the appellee is not entitled to have the obstructions put upon streets by appellants removed, nor to enjoin them from further obstructing the streets. The land on which the streets were laid out was not in an incorporated town, the streets were platted on the land, the plat recorded and the streets were dedicated to public use, but the dedication was never accepted by the public, the streets were never opened or used as such, obstructions were placed upon them indiscriminately by the parties to this litigation, each with the acquiescence of the others, and the land was used for grazing and agricultural purposes. Furthermore, the obstructions sought to be removed are substantially the same now as when appellee acquired title to his land. Under these circumstances, that portion of the streets involved in the litigation in this suit must, as between the parties to this suit, be treated as abandoned by them.

Appeal from a decree of the Circuit Court of Loudoun county. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*E. E. Garrett,* for the appellants.

*Cecil Connor* and *Richard H. Tabbs,* for the appelle

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted in the name of the appellee, E. E. Lake, and two other persons, for the purpose of compelling the appellants and J. B. Throckmorton to remove obstructions placed or maintained by them on certain streets laid out or platted on a parcel of land adjoining Bluemont, in Loudoun county, and to enjoin the defendants to the suit from obstructing the said streets.

During the progress of the suit, upon motion of Simpson and Iden, two of the persons named as complainants, the bill was dismissed as to them. Throckmorton did not appeal from the decree rendered in the cause granting the relief prayed for, so that the only parties to the controversy here are the appellants, Chapin and wife, and the appellee, E. E. Lake.

The appellants assign four grounds of error, but in the view we take of the case it is only necessary to consider that one of them which goes to the merits of the case.

It appears that in the year 1900 the Southern Railway Company, desiring to extend its road from Round Hill to Bluemont, acquired a parcel of land owned by infants to the suit of *Turner* v. *Turner, &c.*, for terminal purposes adjacent to the town of Bluemont. In that cause, in addition to the land sold and conveyed to the Southern Railway Company, another portion of the Stephenson farm from which the railroad parcel was taken was laid off into lots and streets by direction of the guardian of the infant owners, and a plat thereof made, which was recorded in the county court of that county. By direction of, or confirmation by, the court in that cause, lots were sold and conveyed as laid down on the plat. Some of the lots so sold are now owned by the appellant, Mrs. Chapin, and others by the appellee, Lake, and are situated upon or near streets designated on the

said plat as Virginia avenue, Gibbons street and Carr street. It further appears that while the streets on the platted land were dedicated to the public, the land lies in the county and not in an incorporated town. The dedication has never been accepted by the county authorities. The portion of the streets mentioned in this case as obstructed have never in fact been opened or used as streets. It appears that the parties to this litigation and those under whom they claim have for a number of years used and occupied the lots owned by them with little or no regard to the streets upon which they were located. They have used the land covered by the streets for grazing and farming purposes, built fences and other structures across and in the streets of both a permanent and a temporary character, and used the same generally as suited the convenience of each with little or no regard to the streets. It further appears that the obstructions upon the said streets which the appellee now seeks to have removed were the same when he acquired title to his lands as they are now, except some addition or improvement made to the cement wall in Virginia avenue; that the obstructions placed upon said streets by the appellants were for the most part, if not entirely, placed there after the streets now used by the appellee, Lake, had been closed or obstructed. It further appears that no objection was made by the appellants or by the appellee to the closing up or obstruction of said streets, but that the action of each was acquiesced in by the other. Both the appellants and appellee, Lake, have made such use of the said streets as is entirely inconsistent with their use as streets.

Under the facts and circumstances of the case, we do not think that the appellee, Lake, is entitled to have the obstructions placed upon the streets by the appellants removed, or to the relief sought; and that as between

the parties to this suit that portion of the said streets involved in this litigation must be treated as abandoned by them. What rights, if any, other purchasers or owners of lots acquired with reference to that portion of the said streets involved in this case need not be considered, as they are not parties to this proceeding and their rights are not affected by its decision.

The decree complained of must be reversed, and this court will enter such decree as the circuit court ought to have entered dismissing the bill.

*Reversed.*