## Staunton.

### DESSIE H. ST. CLAIR, ET ALS. V. EDGEWOOD WATER WORKS COMPANY, ET ALS.

September 20, 1928.

The opinion states the case.

*Kime & Kime*, for the appellants.

*Caldwell, Chaney & Loyd*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This suit was instituted by Dessie H. St. Clair and sixteen other persons for the purpose of compelling appellees to remove an artesian well and two water tanks from Caldwell and St. Clair streets in the village of Edgewood, in Roanoke county.

It appears that in the year 1907 J. D. Logan and Caldwell and Peck purchased fifty acres of land situated in Roanoke county. This land was a sub-division of an old farm covered with second growth pine. It fronted 1,004 feet on the electric car line running between Salem and Roanoke, and extended in a southerly direction 2,200 feet. The land was divided into acre lots, with parallel roads, or streets, separating them. In October, 1908, pursuant to the statute governing the recordation of maps and plats, the land company caused a map and plat of its lands t be spread upon the plat record in the clerk's office. The map and plat show the location of the streets and the location of the forty-one lots, but the record fails to show any acceptance of the streets by the county authorities.

Prior to the recordation of the map and plat, the land company had sunk a well 175 feet deep at the highest point of their property, which was in the center of Caldwell street, and erected a tank for the purpose of storing water therein in order to provide water for the use of lot owners. The recorded map did not indicate the location of the tank and well, nor was there any reservation by the company of the land upon which they are located.

In October, 1924, the Edgewood Water Works Company, a public service corporation, purchased from the land company its water works system, which included the well and tank and the land upon which they are

located. After the water company made the purchase, it began the repair of the tank which had been erected in 1908, and to construct in addition thereto a new tank on the land in Caldwell street conveyed to it by the land company. Thereupon, appellants instituted the instant suit, the object of which was to compel the removal of the original tank and to restrain the water company from erecting a new tank. Upon the hearing of the cause, the court decreed that, on account of laches, appellants were estopped from seeking removal of the well and the original tank, but as to the second tank, they were entitled to relief prayed for, and ordered the removal of all obstructions placed in Caldwell and St. Clair streets by the water company in 1924.

A most careful examination of the record discloses that each of the appellants purchased their lots with absolute knowledge of the existence of the well and original tank. A preponderance of the evidence is to the effect that a majority of the lot owners derived their water supply from a spring from which the water was pumped into the tank and distributed in pipes to the lot owners. A. H. St. Clair, from whom Dessie St. Clair purchased her lot, testified that he purchased the lot in question from the Edgewood Land Company, with knowledge of the encumbrance upon the street, and that the location of the tank entered into the purchase price of the lots in that vicinity, decreasing the price thereof. This is also true as to the lot of C. C. Mitchell, which was originally purchased from the land company by A. H. St. Clair. T. D. St. Clair, the husband of the appellant, testified that the tank was there when his wife purchased her lot in 1912; that the water was put into it for his benefit, and that he immediately began using water from the tank.

While there is evidence to the effect that officers of the land company stated that the obstructions would be removed from the streets, it is also true that the removal of same did not enter into the valuation placed upon the lots. Even though it must be conceded that appellants have a vested easement in the streets as shown on the map and plat recorded by the Edgewood Land Company, equity will not aid them in the assertion of their rights, when it appears that they have been guilty of gross laches in seeking to enforce them. We think the law well settled that when one purchases land upon which there is an obvious, visible and well defined burden, he does so after full consideration of the effect the burden would have upon his land. *Chapin v. Lake*, 116 Va. 364, 82 S. E. 89.

Upon the whole case, we are of the opinion that the right and justice of the case is with appellees, and, therefore, the decree complained of will be affirmed.

*Affirmed.*