## CITY AND COUNTY OF SAN FRANCISCO v. BURR et al.*

### No. 15,326; May 14, 1894.

#### 36 Pac. 771.

**Dedication for Street.**—Where a Plat of Land is Recorded, and land appears thereon not numbered as a lot, nor corresponding in size or shape to one, but bounded by lines clearly intended to represent the lines of a street, and lots are sold as being bounded on such street, such land is dedicated for a public street, though not named as such on the plat.[1]

**A Judgment Against Persons Sued by Fictitious Names,** where the complaint is never amended, as required by Code of Civil Procedure, section 474, by inserting their true names, will be reversed on appeal.

---

*For subsequent opinion in bank, see 108 Cal. 460, 41 Pac. 482.

[1] Cited and followed in Martinez v. City of Dallas, 102 Tex. 59, 113 S. W. 1167, a memorandum decision.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by the city and county of San Francisco against E. W. Burr and others to abate a nuisance consisting of maintaining a fence across a public highway. From a judgment for plaintiff, defendants appeal. Reversed as to defendants sued by fictitious names and as to all others affirmed.

J. C. Bates for appellants; H. T. Creswell for respondent.

DE HAVEN, J.—1. The finding of the court that the land described in the complaint was dedicated as a public street is fully justified by the evidence set out in the bill of exceptions. It appears therefrom that the city of San Francisco was the original owner of said land, as successor of the former pueblo of Yerba Buena, and ·of the lots adjacent thereto, and that such adjacent lots were sold by it with reference to the map found in "Book B. D. R., Alcalde Grants of 100-Vara Lots in the Laguna Survey," upon which map, as well as upon the subsequent official maps of the city, known as the "Eddy Maps of 1850 and 1851," the land in controversy is sufficiently represented as a public way. It is true it is not named as a street on either of these maps, but, to use the language of the court in City of Indianapolis v. Kingsbury, 101 Ind. 209, "its shape, situation, and dimensions," as laid out on each, "show it to be a way of some kind." It is not numbered as a lot, nor does it correspond in form or size to the lots appearing on the maps; and the lines which mark its boundaries, as shown by each map, clearly indicate that they were intended to represent the lines of a street, and certainly, when the adjacent lots were sold by the city as bounded on the street thus represented on the map, the dedication by the city of such land for public use as a street was complete.

2. The defendants Domario, Devignenze, Hatman, Ferro and Martha W. Wood were sued by fictitious names, and duly served in the action, but the complaint was never amended by inserting their true names, as required by section 474 of the Code of Civil Procedure, and all of them, with the exception of Martha W. Wood, made default. The judgment against these defendants cannot be sustained, as there is nothing in the

complaint to show that the plaintiff is entitled to any judgment against them, or that they are the persons guilty of maintaining the nuisance complained of. A judgment against a person whose name is not mentioned in the complaint must, upon appeal therefrom, be reversed as to such person: McKinlay v. Tuttle, 42 Cal. 571; Campbell v. Adams, 50 Cal. 205; Baldwin v. Morgan, 50 Cal. 585; Farris v. Merritt, 63 Cal. 118.

The judgment against the defendants Domario, Devignenze, Hatman, Ferro and Martha W. Wood is reversed, and as to all the other defendants the judgment is affirmed.

We concur: McFarland, J.; Fitzgerald, J.