# NOVEMBER, 1908.

---

P. P. Martinez et al. v. City of Dallas.

No. 1856. Decided November 4, 1908.

**1.—Street—Dedication—Recorded Plat.**

Evidence (the making and recording a plat of an addition to a city) considered and held to show a dedication to the public as a street of certain land designated thereon, and to justify the court in treating it as such dedication as matter of law. (P. 59).

**2.—Same—Acceptance—Revocation.**

Though no act of acceptance by the city of the dedication of land for a public street was shown, the owner could not retract his dedication of the same by a recorded plat after he had conveyed to others lots represented on the plat as abutting on such street. (P. 59).

Error to the Court of Civil Appeals for the Fifth District, on error from Dallas County.

The City of Dallas sued Martinez and others to recover a strip of land alleged to be a public street. Plaintiff had judgment, and defendants prosecuted error and on affirmance of the judgment obtained writ of error from the Supreme Court.

The opinions of both the Court of Civil Appeals and the Supreme Court are here published.

*W. A. Kemp,* for plaintiff in error.—The map recorded by Erwin, having failed to show "clearly and unmistakably" an intention to dedicate this particular strip, the court erred in instructing the jury that there was a dedication. Ramthun v. Halfman, 58 Texas, 553; Oswald v. Grenet, 22 Texas, 99, in connection with same case in 15 Texas, 118; 9 Amer. & Eng. Enc. of Law, 60, and numerous authorities there cited, particularly Fisher v. Carpenter, 36 Kan., 186; Tilzie v. Hays, 8 Wash., 187; Eastland v. Hugo, 58 Wis., 274.

One of the issues in the case being whether there was an intention on the part of Erwin to dedicate this particular strip as a street, it was error in the court to take this question from the jury and instruct them that there was a dedication, there being testimony in the nature of maps and the conduct of said Erwin at the time tending to show a different intention, and the map of Erwin's Addition being itself ambiguous. Harris County v. Taylor, 58 Texas, 690; 9 Amer. & Eng. Enc. of Law, 52, and note, also authorities ante.

The undisputed testimony having shown that the plaintiff, by adopting the map known as the official map of the city of Dallas, and by assessing and collecting taxes on the strip in controversy, had not only not accepted the alleged dedication of same, but had affirmatively rejected said dedication, the verdict was contrary to law and should have been set aside, and the refusal of the court to do so was error. Gilder v. City of Brenham, 67 Texas, 350; French v. Scheuber, 6 Texas Civ. App., 617; Uvalde v. Uvalde, 32 S. W., 368; 9 Am. & Eng. Enc. of Law, 78.

*Jas. J. Collins* and *J. C. Robertson,* for defendant in error.—In the first place, the construction of the plat or map of Ervin's Addition to the city of Dallas is for the court. Strunk v. Pritchett (Ind.), 61 N. E., 975; Rhodes v. Town of Brightwood, 43 N. E., 942; Miller v. City of Indianapolis, 24 N. E., 228; Railway Co. v. City of Seymour, 55 N. E., 953; City of Chicago v. Hogburg (Ill.), 75 N. E., 542; Hanson v. Eastman, 21 Minn., 509; Yates v. Judd, 18 Wis., 118; Sanborn v. Railway Co., 16 Wis., 19; Elliott on Roads and Streets, sec. 119 (2d ed.); Oswald v. Grenet, 22 Texas, 99; City of Corsicana v. White, 57 Texas, 384.

Whenever an owner of real estate makes a plat or addition thereof and puts the same of record, and from a fair consideration of all of the lots, alleys, and streets in such plat it is manifest that any strip was intended as a street or alley, though not named, such strip will be construed to be a street or alley, and if, after placing such map or plat of record, the owner sells any lot or lots in such addi-

tion with reference to such plat or addition, then the dedication of such strip will be complete and such dedication will become irrevocable. In such a case it is not necessary for the city to accept the dedication, nor is it necessary that such strip shall be immediately opened up. The city, when the public needs require or justify it, can assume control of such strip. Oswald v. Grenet, 22 Texas, 102; Hanson v. Eastman, 21 Minn., 509; Thompson v. Maloney, 65 N. E., 236; Mt. Vernon v. Young, 124 Iowa, 518; Baker v. Berry, 22 R. I., 472; City of Union Town v. Berry, 72 S. W., 295; Rowan v. Portland, 8 B. Mon. (47 Ky.), 245; Oregon City v. Railroad, 44 Or., 165; Elliott on Roads and Streets (2d ed.), sec. 119; Bonne v. Sav. Soc., 75 Pac., 38; Strunk v. Pritchett, 61 N. E., 975; Hanson v. Railway, 16 Wis., 20; Miller v. City of Indianapolis, 24 N. E., 228; Arnold v. Wicker, 40 Pac., 901; Porter v. Carpenter, 21 So., 788; Meier v. Railway Co., 16 Ore., 500; Great Nor. Ry. v. City of Saint Paul, 63 N. W., 96; City and County of San Francisco v. Burr, 36 Pac., 771.

When a map is executed and the owner sells lots with reference to it, the dedication becomes complete and such dedication is irrevocable and the purchaser acquires a right to the streets shown on the plat. The streets dedicated do not have to be opened up immediately. They can be opened up by the proper local authorities, at such a time as the public interest may require, and of this the local authorities are the judges. Elliott on Roads and Streets (2nd ed.), sec. 118; Hall v. Bugfogle, 70 N. E., 883; City of Corsicana v. Zorn, 97 Texas, 317; City of Corsicana v. Anderson, 33 Texas Civ. App., 596; Sanborn v. City of Amarillo, 42 Texas Civ. App., 115; Gillean v. City of Frost, 25 Texas Civ. App., 371.

Where property is dedicated by a map, and the maker thereof executes conveyances with reference to it, it is not necessary that there shall be any acceptance by the city of the dedication. City of Corsicana v. Zorn, 97 Texas, 317; Sanborn v. City of Amarillo, 42 Texas Civ. App., 115; Heard v. Connor, 84 S. W., 605.

The acts of plaintiffs in error in assessing the strip for taxes, and paying the taxes thereon to the collector of the city of Dallas, and his acceptance of such taxes, or the designation on any map by any officer of the city, of the strip as apparently private property, can not estop the city of Dallas. Gillean v. City of Frost, 25 Texas Civ. App., 371; Sanborn v. City of Amarillo, 42 Texas Civ. App., 115; Rhodes v. Town of Brightwood, 43 N. E., 942.

MR. CHIEF JUSTICE RAINEY delivered the opinion of the Court of Civil Appeals.

The city of Dallas brought this action of trespass to try title against P. P. Martinez and Archibald Cribbs to recover a certain strip of land in possession of defendants.

Plaintiff claims that it held a complete and unconditional easement over the said strip of land by dedication from G. W. Ervin for the purpose of a public street. Defendants claim there was no dedication, or, if so, said dedication had been revoked by said Ervin before

any rights of the city had attached. A trial resulted in a verdict and judgment for the city.

The evidence shows that G. W. Ervin owned a tract of land in the city of Dallas, a part of which he caused to be platted into blocks, lots, streets and alleys, had a map or sketch thereof made, and had the same acknowledged and placed on record in Dallas County on February 19, 1884. A copy of said map here follows:

ERVIN'S ADDITION TO THE CITY OF DALLAS.

Scale 400 ft.—1 in.

The State of Texas, County of Dallas:

Know all men by these presents that I, G. W. Ervin, constitute, make and dedicate this map or at least that portion of the same as shown within the blue lines, as the map of Ervin's Addition to the Town of Dallas, said map only covering or indicating the land now owned and formerly owned by me.

Witness my hand this February 19, A. D. 1884.

                                        G. W. Ervin.

NOTE: This sketch embraces all of G. W. Ervin Map included in the blue lines referred to in his dedication.

The red dot on the map indicates the strip of land in dispute. Previous to the making and recording of said plat Ervin had made numerous deeds at different times, referring to "Ervin's Addition to the city of Dallas." There has never been but one addition known as "Ervin's Addition to the city of Dallas."

Afterwards, on February 29, 1884, G. W. Ervin executed to one Loeb a deed to a lot described as being in "Ervin's Addition to the city of Dallas." On March 28, 1884, Ervin executed to one Brozius a deed to a lot in the city of Dallas, as being in "Ervin's Addition to

the city of Dallas." On April 16, 1884, Ervin executed a deed to one Overand, conveying land described as follows, to wit: "Situated in the city and county of Dallas, and being a part of Ervin's Addition, beginning at the S. Corner of Lot 8 in Block 299, of said Addition, on the N. E. line of a lot sold by G. W. Ervin and wife to Hibbler & Sickles; Thence N. 45 E. with the S. E. line of Lot No. 8, 74 feet, to S. W. line of Cottonwood Street; Thence S. 45 E. with said line of Cottonwood Street, extending 28 feet to a stake; Thence N. 45 E. 47 feet to the intersection of Cottonwood Street and an alley; Thence S. 40 ½ W., S. W. line of said street, 120 feet to a stake; Thence S. 23½ E. 82 feet to a stake; Thence in a S. E. direction 52 feet, to a stake in branch on S. Spear's line; Thence along said branch in a westerly direction with said Spear's line 146 feet to the corner of Hibbler & Sickles' lot and said Spear's line; Thence N. 42 W., with said Hibbler & Sickles' line, 188 feet to the place of beginning, being the unsold balance of my addition, included between block 299, Cottonwood Street, 35 feet wide, and the Spear, Hibbler & Sickles' lines, according to plat." This description includes the land in controversy.

Up to 1902, when this strip was closed by plaintiffs in error, it had been open and used by pedestrians as a common way. In 1888 a franchise was granted to a street railway company who built a track and operated cars over it for some years, but it was abandoned. The city did some work on it before the railway was built, but never prepared it for vehicles, it being an undesirable part of town for residences. Both sides were fenced and while no name appeared on the map it was known by several names, more commonly as "Burk Street." One party had built a residence facing the strip at the time the plaintiffs in error bought. In 1877, Ervin stated to one party, when asked about it, that he was going to hold it as a street for the use of the people to whom he had sold, to get to their property. In 1882, one Hayes prepared a map of this land, on which map the strip in controversy is shown to be closed. In 1887 the official map of the City of Dallas shows this strip to be closed. This strip had been assessed for taxes by the city and Martinez had paid the taxes thereon.

The first assignment of error complains of the court's action in instructing the jury that in placing the map on record G. W. Ervin dedicated the strip of land in controversy to the public as a street.

The proposition by plaintiffs in error is, in effect, that the map recorded by Ervin fails to show "clearly and unmistakably" an intention to dedicate, there being evidence, in the nature of maps and conduct of Ervin at the time, to show a different intention.

There is no controversy but what Ervin made a map of Ervin's Addition to the city of Dallas, signed and acknowledged it, and had it recorded in the county records of Dallas County. This map indicated the subdivisions of blocks, lots, streets and alleys, the streets being named, but the alleys were not named. The strip in controversy was not named on the map. It shows a strip wider than the alleys, but not quite as wide as the streets named. To one buying property in Ervin's Addition to the city of Dallas the recorded map

clearly indicated that the strip was intended as a street or an open way for public use. This being the condition when Loeb and Brozius bought, we think the court properly construed the map as a dedication, and there was no error in the charge in the respect complained of. Oswald v. Grenet, 22 Texas, 99.

The other contention is that, if the record of the map constituted a dedication, such dedication had been revoked by the deed of Ervin to Overand before acceptance by the city, or by any act of Ervin that would estop him from a revocation.

There was no specific act by the city shown to indicate an acceptance before the execution of the deed by Ervin to Overand, but there was no necessity of such acceptance to make such dedication binding, where the owner of such property has conveyed to parties with reference to such dedication.

After Ervin had recorded his plat and before he sold to Overand he conveyed two separate parcels of said land to different parties, reciting therein that said parcels were in "Ervin's Addition to the city of Dallas." By these deeds this strip vested in the public and in the city the right to use it as a street, and the city had the right to take possession of and use said street whenever the progress of the town should make it necessary. The right to the use of this strip for a street having vested in the purchasers and through them in the public, it was irrevocable, and there was no necessity for a formal acceptance. City of Corsicana v. Zorn, 97 Texas, 317.

Loeb and Townsend having purchased with reference to "Ervin's Addition to the city of Dallas," all rights and appurtenances that attached to lots by reason of said addition vested in them and it is immaterial whether they bought with special view to this particular strip. So there was no error in the court charging the jury to find for plaintiff if Loeb and Townsend bought with this strip in view as a street.

In our opinion the facts warranted a peremptory instruction for plaintiff, therefore the other assignments of error not discussed are harmless.

The judgment is affirmed.

MR. JUSTICE WILLIAMS delivered the opinion of the Supreme Court.

After a careful examination of the case and the authorities relied on by the parties, we have concluded that the Court of Civil Appeals, whose opinion will be reported herewith, was right in holding that the plat recorded by Ervin of his addition to the city of Dallas showed on its face a legal dedication of the land in controversy for a public way and justified the trial court in so instructing the jury. The following authorities clearly sustain the ruling: The City of Indianapolis v. Kingsbury, 101 Ind., 209; Strunk v. Pritchett, 61 N. E., 973; City of San Francisco v. Bever, 36 Pac., 771; Hanson v. Eatsman, 21 Minn., 509; Lamar County v. Clements, 49 Texas, 354.

We think, also, that the court was right in holding that the descriptions in the two deeds made before the conveyance to Overand in Ervin's addition must be taken as referring to the map of his addition which he had shortly before caused to be recorded, and that

this justified the further holding that it was not thereafter in his power to revoke the dedication by the last named conveyance. City of Corsicana v. Zorn, 97 Texas, 217.

The judgment will therefore be affirmed.

*Affirmed.*