## ACUFF v. FORT WORTH & D. S. P. RY. CO.
### No. 3505.

Court of Civil Appeals of Texas. Amarillo.
April 29, 1931.

Rehearing Denied May 27, 1931.

Nordyke & Pardue, of Lubbock, and Kinder & McMath, of Plainview, for plaintiff in error.

Bean & Klett, of Lubbock, and Thompson & Barwise, of Fort Worth, for defendant in error.

JACKSON, J.

The plaintiff, M. S. Acuff, instituted this suit in the district court of Lubbock county, Tex., against the defendant, Fort Worth & Denver South Plains Railway Company, to enforce the specific performance of a contract made by the defendant with the plaintiff for the purchase of a certain tract of land, and in the alternative to recover damages for the failure of the defendant to specifically perform its contract.

The plaintiff alleges that on or about November 8, 1929, he and the defendant entered into a valid contract, by the terms of which the defendant agreed to buy, for the sum of $1,650 from plaintiff, the tract of land described as follows: Beginning at the southeast corner of lot 13 in block 231 of the original town of Lubbock, Lubbock county, Tex.; thence south about 86 feet to the south line of survey No. 1, block O; thence west 125 feet; thence north about 86 feet to the southwest corner of said lot No. 13, block No. 231; thence east 125 feet to the place of beginning. That plaintiff performed all the terms and conditions imposed upon him by said contract, including furnishing a perfect abstract showing good and merchantable title to the tract of land, tendering defendant a proper warranty deed therefor. That the defendant has gone upon, taken possession of, and appropriated said tract of land to its own use and benefit, but has failed to accept a deed from plaintiff and pay him the consideration provided in the contract for said tract of land.

The plaintiff asked, in the alternative, if he is not entitled to specific performance, that he recover damages in the sum of $1,650 against the defendant, which he alleges is the reasonable value of the land in controversy.

The defendant answered by general demurrer, general denial, and admitted that it entered into a contract with plaintiff to buy said tract of land and agreed to pay him therefor the sum of $1,650, provided the plain-

tiff owned and could and would convey to the defendant a clear, fee-simple title to said tract of land, and furnish an abstract showing such title to be perfect and merchantable. The defendant specially alleges that the plaintiff did not tender and could not convey a perfect, merchantable title to said land, and did not and could not furnish an abstract showing such title. That long prior to the contract between the plaintiff and the defendant, the tract of land involved in this controversy had been expressly and also impliedly dedicated to the public as a part of a public street in the city of Lubbock, and is and constitutes a part of Nineteenth street in said city. That the plaintiff and those under whom he claims have ratified the dedication of said tract of land for public use as a street, and the plaintiff is estopped from asserting title thereto. That inasmuch as the plaintiff failed and was unable to furnish an abstract and convey to the defendant good and merchantable title, it refused to accept a deed from plaintiff and pay him for said land.

The defendant urges, and plaintiff admits, certain other defects in the title, but, in the view we take of the case, they are immaterial to a disposition of this appeal.

The trial court at the conclusion of the evidence peremptorily instructed the jury to return a verdict for the defendant, and, on such directed verdict, entered judgment that plaintiff take nothing by his suit.

The plaintiff, hereinafter called appellant, by writ of error prosecutes this appeal, challenging as error, by proper assignments, the action of the trial court in directing a verdict against him.

The record discloses that on December 19, 1890, F. E. Wheelock and associates owned section 7 in Lubbock county, and had laid out a town thereon known as Lubbock. That W. E. Rainer et al. owned section 20 in said county, and had laid out a town thereon known as Monterey. That F. E. Wheelock and associates, as first parties, and W. E. Rainer et al., as second parties, entered into a written contract by the terms of which it was agreed that the first parties would abandon the location of Lubbock on section 7 and second parties would abandon the location of Monterey on section 20, select another section, consolidate the two towns, and locate on the selected section one town to be called Lubbock. That the map and plat theretofore made and used for the town of Monterey should constitute the map and plat for the subdivision of the section selected on which the two consolidated towns called Lubbock should be located. That said plat should be used for the new town of Lubbock, which should be laid off exactly according to said plat, a copy of which plat was attached to and made a part of the contract. The said contract provided that after the selection of a section on which to locate the new town of Lubbock, and the map and plat theretofore made for Monterey had been filed and recorded, that first parties should convey to second parties certain lots in certain specified blocks, and that second parties should convey to first parties certain specified lots designated on said plat. In pursuance to the provisions of such contract, section 1, block O in Lubbock county was purchased and conveyed to Wheelock and Rainer and said plat was marked Lubbock, and filed and recorded as the plat of the town of Lubbock, subdividing said section 1 into lots, blocks, streets, and alleys. The plat shows that certain streets are 100 feet wide, and all others 75 feet wide. That certain alleys are 15 feet wide, and all others 20 feet wide.

On January 15, 1891, a deed was executed by W. E. Rainer and F. E. Wheelock, conveying to the public for public use a public square and all the streets and alleys on said plat within four blocks of said square, so long as the public used them as such. This dedication deed and the plat were filed for record on January 16, 1891, and recorded in volume 5, pages 384, 385, and 386 of the Deed Records of said county. On January 26, 1891, W. E. Rainer conveyed to F. E. Wheelock the certain lots and blocks stipulated in the contract and designated on the plat according to the recorded plat of the town of Lubbock. On January 31, 1891, F. E. Wheelock conveyed to W. E. Rainer the certain lots and blocks specified in said contract designated on the plat according to the recorded plat of the town of Lubbock.

All streets running north and south are named on the plat, and the seven streets running east and west on the north of the public square, and the seven streets running east and west on the south of the public square are named on the plat. There appears on the recorded plat a strip of land on the north, and on the south thereof, but such strips were not named as streets. The tract of land in controversy is located in the strip of land on the south of the plat and adjacent to and south of lot 13 in block 231. All streets and alleys on the plat running north and south open into the strip of land on the north, and also open into the strip of land on the south of the plat.

On April 18, 1906, W. E. Rainer and wife conveyed to J. W. Winn, R. M. Clayton, and W. A. Carlisle, several hundred lots, including eleven lots in block 231, according to the recorded plat of the town of Lubbock. On May 11th, thereafter, Winn, Clayton, and Carlisle conveyed to the Lubbock Townsite Company, something over eleven hundred lots, including the eleven lots above mentioned in block 231, according to the recorded plat of the town of Lubbock. Also, their interest in all strips not laid out and platted

in town lots on said section 1. On May 27, 1907, by quitclaim deed, the same grantors conveyed the same lots to the same grantee, according to the recorded town plat of Lubbock, and also the streets and strips not laid off and platted.

On March 26, 1907, F. E. Wheelock and the Lubbock Townsite Company, by a dedication deed, conveyed to the public the streets and alleys shown by the recorded plat of the town of Lubbock, except such streets and alleys as had theretofore been conveyed to the public.

On February 18, 1921, the city of Lubbock, by ordinance adopted and had recorded in the deed records an official map of the city, which included the original plat of said section 1, and designated on said official map the strip, a part of which is in controversy, as Nineteenth street.

On October 13, 1902, F. E. Wheelock and W. E. Rainer, by their respective conveyance, conveyed to each other the strips of land on the north, east, south, and west of the platted blocks, and F. E. Wheelock was deeded the strip of land on the south of the east half of· said plat, a part of which is in controversy. Both of these deeds refer to the recorded plat of the town of Lubbock.

The appellant acquired the title asserted by him to the land in controversy by a regular chain of title from F. E. Wheelock, who conveyed it to S. J. McLin on October 14, 1919. Taxes have been paid on the tract claimed by appellant to the city, state, and county, for fourteen years prior to 1929. At some time, the date of which is not shown, a small house was built immediately west of the tract in controversy. The city of Lubbock was located on section 1, block O, patented as 640 acres, and the strip on the south of the original town plat is commonly known as Nineteenth street. This strip is paved for a mile and a half west of the center of section 1. The town of Lubbock, from 1891 to 1907 or 1908, made very little growth, except on the original town section, and there has been little building in the part of the town where the land in controversy is situated, and very few streets graded or opened up in that part of the town.

This record shows that the plat was intended to cover a section of land. That section No. 1, block O, is described in the patent as 1,900.8 varas square. That the strip of land on the south lies between the south boundary line of the plat and the south boundary line of the most southerly blocks. That each street and alley running north and south opens into this strip. That west from the center of section 1, this strip has been paved as a street. These facts, together with the plat and the two dedication deeds, the various conveyances of lots and blocks

according to said plat, in our opinion, constitute an irrevocable dedication of the strip of land, a part of which is in controversy, to the use of the public. If there had been written on this strip indicated on the plat a name for a street, no one would question the absolute dedication.

In Martinez v. City of Dallas, 109 S. W. 287, 289, the Court of Civil Appeals, speaking through Chief Justice Rainey, says: "There is no controversy but what Ervin made a map of Ervin's addition to the city of Dallas, signed and acknowledged it, and had it recorded in the county records of Dallas county. This map indicated the subdivisions by blocks, lots, streets, and alleys, the streets being named, but the alleys were not named. The strip in controversy was not named on the map. It shows a strip wider than the alleys, but not quite as wide as the streets named. To one buying property in Ervin's addition to the city of Dallas the recorded map clearly indicated that the strip was intended as a street or an open way reserved for public use. This being the condition when Loeb and Brozius bought, we think the court properly construed the map as a dedication, and there was no error in the charge in the respect complained of. Oswald v. Grenet, 22 Tex. 99."

The Supreme Court, in an opinion reported in 102 Tex. 54, 113 S. W. 1167, says that the Court of Civil Appeals was right in the case, supra, in holding that the recorded plat "showed on its face a legal dedication of the land in controversy for a public way, and justified the trial court in so instructing the jury," citing authorities.

In the same opinion the Supreme Court also approved the holding of the Court of Civil Appeals that the deeds "made before the conveyance to Over and to Ervin's addition, must be taken as referring to the map of his addition, which he had shortly before caused to be recorded, and that this justified the further holding that it was not thereafter in his power to revoke the dedication by the last-named conveyance," citing authorities.

See, also, City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924; Town of Refugio v. Strauch (Tex. Com. App.) 29 S.W.(2d) 1041, 1045.

The law announced in the opinions cited, supra, in view of this record, in our opinion is conclusive against appellant's contentions, and, if we are correct in so holding, the assignments complaining of the exclusion of oral testimony are immaterial.

It will be noted that appellant's suit was for specific performance, and in the alternative for damages. Under the facts of this record he was not entitled to specific performance, and no testimony was offered to

show that he sustained any damages. The record shows without dispute that appellant does not own any property north or south of the strip in which the land to which he asserts title is situated.

The judgment is affirmed.