## COUNTY SCHOOL TRUSTEES OF UPSHUR COUNTY v. FREE et al.

### No. 5846.

Court of Civil Appeals of Texas. Texarkana.

June 18, 1941.

Rehearing Denied Sept. 11, 1941.

936

Otis T. Dunagan, of Gilmer, for appellants.

Edwin M. Fulton and Florence & Florence, all of Gilmer, for appellees.

JOHNSON, Chief Justice.

This is a condemnation proceeding instituted in the County Court of Upshur County by the petition of the County School Trustees of said county seeking in the exercise of the right of eminent domain to acquire the fee simple title to the surface estate only, and subject to the oil and gas mineral estate, of two small strips of land, one containing 0.404 acre and the other 1.451 acre, for the purpose of supplying needed playgrounds for the East Mountain Common School District No. 31 of Upshur County, which common school district has more than 150 scholastics. The suit is against J. W. Free and wife, Ida Free, owners in fee simple of the surface estate sought to be acquired, and against Hugh Brawley and Lela Jackson who claim some character of surface lease as tenants of Free and wife. The two strips of land involved adjoin the land on which is located the school building of the East Mountain Common School District. They lie along the edge of and constitute a part of a larger tract of land owned by Free and wife. In December, 1930, Free and wife leased said larger tract of land, including that here involved, and other adjacent tracts, to the Humble Oil & Refining Company for oil and gas purposes. Said oil and gas lease is in terms and covenants generally known as Producers Form 88 in use in this State. It is for a term of 10 years and as long thereafter as oil and gas is produced therefrom. Free and wife also sold to said company ¾ of their ⅛ royalty. Shortly after execution of said lease in 1930, the lessee entered upon the land and developed it for oil by drilling wells thereon, which are still producing. No well was drilled on the particular strips of land here involved, nor is the surface thereof being used in any manner for leasehold purposes. The oil and gas mineral interest in the land is not sought to be acquired or affected by the proceedings, and for that reason the holders of the oil and gas rights are not made parties to the suit.

Defendants filed a plea to the jurisdiction of the court, alleging that the trial court was without power to hear and determine plaintiffs' petition for the following reasons: (1) That plaintiffs have no authority to exercise the right of eminent domain in acquiring real property for common school districts having *more* than 150 scholastics, such as East Mountain Common School District. That plaintiffs have

such power only in cases where the common school district has *less* than 150 scholastics. (2) That plaintiffs have no authority by exercise of the right of eminent domain to acquire the surface only and subject to the oil and gas mineral estate; that plaintiffs' authority in exercise of the right of eminent domain is to acquire both the surface and the mineral estate. (3) That the owners of the oil and gas mineral estate are necessary and indispensable parties to the suit. Defendants' plea to the jurisdiction of the court was sustained and the cause dismissed. Plaintiffs have appealed.

█ The 1st contention stated in appellees' plea to the jurisdiction of the court is to the effect that Article 2905 and Article 1109c, Sec. 1, Vernon's Texas Civil Statutes, should be construed as making provision for condemning property for *all* independent school districts and for common school districts which have less than 150 scholastics; that no provision is made for condemning property for common school districts which have more than 150 scholastics, therefore, since East Mountain Common School District has more than 150 scholastics, the trial court was without jurisdiction to entertain appellants' petition. We do not agree with this contention. The pertinent provisions of the statute read as follows:

Article 2905. "The County School Trustees shall have power to purchase and lease, and by the exercise of the right of eminent domain to acquire the fee simple title to real property for all the Common School Districts and the Independent School Districts of their county having less than one hundred fifty (150) scholastics, for the purpose of supplying play grounds, * * *."

Article 1109c. Sec. 1. "All cities and towns in Texas, and all independent school districts having 150 scholastics or more, whether created under general or special laws, shall have the power by the exercise of the right of eminent domain, to acquire the fee simple title to real property for the purpose of supplying playgrounds, * * *."

We think a reasonable interpretation of Article 2905 authorizes the County School Trustees by exercise of the right of eminent domain to acquire the fee simple title to real property for the purpose of supplying play grounds for *all* common school districts of their county without regard to the number of scholastics such common school districts may have; and that the County School Trustees are vested with like authority to so acquire real property for independent school districts "having less than one hundred fifty (150) scholastics;" and that by Article 1109c, Sec. 1, like authority is vested in "all independent school districts having 150 scholastics or more."

█ The 2d contention alleged in appellees' plea to the jurisdiction of the court is to the effect that plaintiffs' authority to exercise the right of eminent domain requires that they condemn both the surface estate and the mineral estate. Appellees base this contention upon the above-quoted provisions of Article 2905 authorizing plaintiffs by exercise of the right of eminent domain to acquire the "fee simple title to real property" and the further provisions of said article reading as follows: "* * * whenever final judgment is rendered in any such condemnation proceedings the plaintiff therein shall be awarded the fee simple title to the property condemned, and such plaintiff thereupon shall acquire and shall thereafter have, hold and possess such property in fee simple title with full power over the same, including the right of alienation." It is contended that the term "fee simple title" means "the absolute and indefeasible ownership of everything from the top of the ground to the center of the earth." Generally such is the meaning of the term when applied to the word *land,* but it will be noted that the statute in question does not use the word land. It authorizes the County School Trustees by exercise of the right of eminent domain to acquire the "fee simple title to real property." The law is settled in this State that minerals in place may be severed from the surface; that when so severed they constitute separate and distinct estates; that the "fee simple title" to the surface estate may be in one person and the "fee simple title" to the mineral estate in another person; they each constitute "real property" and conveyance thereof is controlled by laws governing conveyances of real estate as distinguishable from personal property. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296; Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619.

938

The 3rd contention alleged in appellees' plea to the jurisdiction of the court is that the owners of the mineral estate are necessary and indispensable parties to the suit. If we are correct in our conclusion that appellants have the authority by exercise of the right of eminent domain to acquire the fee simple title to the surface estate only, and subject to the rights of the owners and lessees of the mineral estate, as they seek to do in this suit, then the owners and lessees of the oil and gas mineral estate are not necessary parties, since their rights are not in any way to be affected by the proceedings. 20 C.J. 919, Sec. 336.

The judgment of the trial court will be reversed and the cause remanded.

#### On Motion for Rehearing.

On their motion for rehearing appellees insist that we were in error in holding that the owners of the minerals under the land, from which the two small strips of surface are sought to be condemned, are not necessary parties to this suit. We are unable to agree with the contention, because under the particular facts of this case it is apparent that the property has been developed for more than ten years, during which time the oil has been and is now being removed therefrom without need of the use of the surface strips here involved. Calvert v. Harris County, Tex.Civ. App., 46 S.W.2d 375.

The motion is overruled.