TEXAS & P. RY. CO. et al. v. REESE et ux.

No. 5946.

Court of Civil Appeals of Texas.
Texarkana.

June 4, 1942.

Rehearing Denied June 25, 1942.

Jones & Jones, of Mineola, Robt. F. Higgins, E. E. Townes, and R. E. Seagler, all of Houston, and S. W. Lancaster, and R. S. Shapard, both of Dallas, for appellants.

Potter & Bezoni and Clower & Wilson, all of Tyler, for appellees.

JOHNSON, Chief Justice.

This suit was filed by appellees, Tom Reese and wife, Reba Reese, against appellants, The Texas & Pacific Railway Company and Humble Oil & Refining Company, in trespass to try title to a small tract of land located in the town of Hawkins, Wood County, Texas. In 1873 The Texas & Pacific Railway Company acquired title to ninety acres of the George Brower survey and subdivided it into blocks and lots as the townsite of Hawkins. A map, accompanied by an express dedication of the streets and alleys to public use, was duly executed, acknowledged and recorded. Thereafter The Texas & Pacific Railway Company assessed and paid taxes on the lots and blocks only, and sold same by their numbers in accordance with the map. Proper understanding of the issues involved requires a view of the map, which is here copied:

250

The strip of land sued for by appellees is located immediately North of and adjacent to Lot 1 in Block 8, and is 61 feet on the West end, 71 feet on the East end, 181.5 feet on the North side, and 170.5 feet on the South side. Its Southwest corner coincides with the Northwest corner of Lot 1, Block 8, and its South line extends East to a point 30.5 feet East of the Northeast corner of said Lot 1. Appellees claim that they acquired title to the strip under the 10-year statute of limitation, R.S. Article 5510, by adverse possession and use as a garden spot from 1916 until 1928. The land sued for is a part of the triangular space lying North of Blocks 6, 7, 8 and 9. Appellants, owning Block 9 and the East half of Block 8, contend that said triangular space is a part of Forest Avenue, and having been thus dedicated to public use as a street, it is exempt from the statutes of limitation by reason of the provisions of R.S. Article 5517, Vernon's Ann.Civ.St. art. 5517, reading as follows: "The right of the State shall not be barred by any of the provisions of this Title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State." In response to special issues, the jury found in favor of appellees on their plea of limitation, and further found that the land involved had not been dedicated as a street.

Point 1 charges that there was error in refusing appellants' motions for a directed verdict and for a judgment non obstante veredicto, duly presented to and overruled by the court. Appellants' contention is that the map executed and recorded by The Texas & Pacific Railway Company shows on its face that the land in controversy had been dedicated for public use as a street. We have concluded that the contention should be sustained. The map here presented more clearly shows an intention to dedicate the strip in controversy than did the map executed and recorded by G. W. Ervin as to the strip in controversy in the case of Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 289, 113 S.W. 1167, in which a directed verdict in favor of dedication was sustained. Chief Justice Rainey, speaking for the Court of Civil Appeals in that case, said: "To one buy-

ing property in Ervin's addition to the city of Dallas the recorded map clearly indicated that the strip was intended as a street or an open way reserved for public use." Citing Oswald v. Grenet, 22 Tex. 94, 99. The holding of the Court of Civil Appeals was affirmed by the Supreme Court, Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 113 S.W. 1167, saying: "After a careful examination of the case and the authorities relied on by the parties, we have concluded that the Court of Civil Appeals, whose opinion is reported in 102 Tex. 54, 109 S.W. 287, was right in holding that the plat recorded by Ervin of his addition to the city of Dallas showed on its face a legal dedication of the land in controversy for a public way, and justified the trial court in so instructing the jury." Citing additional authorities.

The judgment of the trial court will be reversed and the judgment here rendered that appellees take nothing by reason of their suit.