**SHIELDS v. HARRIS COUNTY et al.**

No. 15330.

Court of Civil Appeals of Texas.
Fort Worth.

March 21, 1952.

Rehearing Denied April 18, 1952.

---

Emory T. Carl and M. Michael Gordon, both of Houston, for appellant.

Sam W. Davis, Crim. Dist. Atty., W. K. Richardson, Asst. Crim. Dist. Atty., and Knipp & Broady, all of Houston, for appellees Harris County and Rita B. Magee and others.

Charles W. Austin, of Houston, for appellees M. A. Rowe and others.

CULVER, Justice.

This suit involves the validity of the purported dedication of a certain tract in Harris County, Texas, as a part for the use of the public.

By deed dated May 22, 1939, Thomas Garth and wife conveyed to Green and Miller a 263.3 acre tract of land in Harris County, retaining a vendor's lien to secure the payment of three promissory notes, each in the sum of $2,500, and containing the following recitation: "It is contemplated that the grantees herein will subdivide Tract No. One (1) (the land) hereinbefore described and it is expressly agreed and stipulated that the grantees herein, shall be entitled to secure partial releases of portions of said Tract No. One (1), upon payment of the following sums, to-wit:"

Thereafter, a plat of said premises was prepared by the said Green and Miller, showing a proposed subdivision, into lots and blocks, of a portion of said 263.3 acre tract, and the plat, together with the dedicatory statement on the face thereof, executed and acknowledged by them, was filed for record in the office of the County Clerk of Harris County on June 26, 1939, and duly recorded. This plat designated a tract of about 7 acres, containing three small lakes, as "Park Reserve For This Addition." The dedicatory statement read as follows: "That we, owners of the prop-

erty subdivided in the above and foregoing map of San Jacinto River Estates, do hereby make subdivision of said property according to the lines, lots, streets, alleys, parks, and easements thereon shown, and designate said subdivision as San Jacinto River Estates, and being located in the Joseph T. Harrell Survey, Ab. 330 in Harris County, Texas, and we do hereby dedicate to the public use, all the streets, alleys, parks and easements shown therein forever."

On September 5, 1942, appellant Shields acquired the title to the 263.3 acre tract, subject to the outstanding lien, and in October, 1943, the holder of the notes and liens, having foreclosed on the tract by deed of trust sale, conveyed title to appellant Shields.

Appellant brought this suit against Harris County in the nature of trespass to try title to that portion of the tract shown on the plat as "Park Reserve for this Addition." Certain lot owners in the subdivision intervened, alleging that this tract had been expressly dedicated to the public for use as a park, and that they and others had purchased lots in the subdivision relying upon such representations.

The court instructed a verdict for the defendant, Harris County, and rendered judgment upholding the dedication of said property for use as a public park.

The first point on which appellant predicates his appeal is as follows: "The use of the words, 'Park Reserve for this Addition,' to designate the land in controversy on the recorded plat of San Jacinto River Estates, affirmatively shows that such land was not unconditionally dedicated to the public use."

■ In this subdivision as platted, there were more than three hundred lots, varying in size, but all rather large when compared to the average city lot. We think it to be common knowledge that parks and open spaces add to the desirability and value of lots and are commonly found in many residential subdivisions.

■ The determination of the question as to whether a particular area has been dedicated to public use is a question of intention, but under the facts in this case we must look principally to the plat and the dedicatory affidavit to determine that intention. Wilson v. Humble Oil and Refining Co., Tex.Civ.App., 82 S.W.2d 1095, writ refused. There was testimony to the effect that some two years after the recording of the plat and the first sales of lots in the addition, the subdividers fenced the area involved, and that the appellant and his predecessors in title have paid the taxes on this property, though not always as due. We are of the opinion that this testimony was not sufficient to raise a fact question for the jury's determination. Maisen v. Maxey, Tex.Civ.App., 233 S.W.2d 309, writ refused, n. r. e. Quite obviously the intention and desire of the appellant would have no bearing as we are concerned only with the intention of the original subdividers. The fact that Miller and Green fenced the property some two years after the dedication could hardly have the effect of overcoming and setting aside or revoking the plain language used in the certificate of dedication. The dedication once made, coupled with the sale of lots, becomes binding and irrevocable. Oswald v. Grenet, 22 Tex. 94; Martinez v. City of Dallas, 102 Tex. 54, 113 S.W. 1167; Adams v. Rowles, Tex.Sup., 228 S.W.2d 849.

■ Appellant argues that if there was any dedication it was not to the public but rather of a private nature for those who bought and owned lots in the addition. He concedes that the dedicatory certificate on the plat of the subdivision, reading in part, "and we do hereby dedicate to the public use all streets, alleys, parks and easements shown therein forever," would indicate an intent on the part of the subdividers to dedicate to public use all parks shown on the recorded plat. Nevertheless, he contends that the designation, "Park Reserve for this Addition," expresses a condition and negatives the intention to dedicate this tract to the use of the public as a park. To this interpretation we do not agree.

In the case of City of Brownsville v. West, Tex.Civ.App., 149 S.W.2d 1034, cited by appellant, wherein a parcel of land marked on the plat "Proposed Park"

was held not to have been dedicated to public use, the court in its opinion emphasized the fact that the statement on the plat expressly dedicated all streets, roads and alleys shown thereon but made no mention of the "Proposed Park." If there was any uncertainty in the designation, "Park Reserve for this Addition," we think the formal certificate, subscribed and sworn to, expressly dedicating to the public use "all the streets, alleys, parks and easements shown therein forever," would be controlling and revealed clearly the intention of the original subdividers. The first point is overruled.

Appellant's second point is to the effect that no valid dedication of the land in controversy was made for the public use in that no persons who made or adopted the subdivision plat of San Jacinto River Estates were, at any material time, the owners of the unqualified fee simple title to such land.

At the time of and prior to the purchase of the 263.3 acre tract of land by Green and Miller, the original subdividers, the minerals under this land had been severed and they acquired title only to the surface. The appellant argues that inasmuch as they did not own the minerals they could not dedicate any portion of the surface to the use of the public as a park, and relies upon the case of Chenowth Bros. v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446. In that case the court held, and properly so we think, that one tenant in common could not dedicate any part of the land without the assent of his co-tenant. Manifestly, the property could not be dedicated to public use in part and privately owned and controlled in part. We are of the opinion that this holding has no application to the facts in this case.

■ In County School Trustees of Upshur County v. Free, Tex.Civ.App., 154 S. W.2d 935, 937, error refused, the court permitted condemnation by the County School Trustees of two strips of land for playground purposes where the surface estate only was sought to be condemned and the mineral estate had been severed therefrom. The contention "that plaintiffs' authority to

exercise the right of eminent domain requires that they condemn both the surface estate and the mineral estate", was overruled. We quote from the opinion in that case: "The law is settled in this State that minerals in place may be severed from the surface; that when so severed they constitute separate and distinct estates; that the 'fee simple title' to the surface estate may be in one person and the 'fee simple title' to the mineral estate in another person; they each constitute 'real property' and conveyance thereof is controlled by laws governing conveyances of real estate as distinguishable from personal property." Appellant says the foregoing authority is not applicable to the facts here, for the reason that the condemnation statute, Article 2905, Vernon's Tex.Civ.St., under which the action was instituted by the school trustees, uses the words, "real property," whereas the instant suit, one of trespass to try title, is authorized by Article 7364, Vernon's Tex.Civ.St., providing, "the method of trying titles to lands, tenements or other real property shall be by action of trespass to try title." We think if there can be drawn any such distinction, it is one without any practical difference.

■ No development of minerals in the area has yet been attempted. The testimony does not show that any is in contemplation at the present time. Assuming there is nothing to prevent the owners of the mineral estate from prospecting for oil and gas if they so desire, it could well be that the value of this property as a park, and in fact even the residential value of the entire addition, might be lost or greatly diminished by reason of the production of oil and gas. Nevertheless, we think that appellant or his predecessors in title could not take advantage of such a practical possibility to set aside a dedication that had been entered into freely and voluntarily, according to the provisions of the statute. Article 974a, Vernon's Tex.Civ. St. We have been cited no authority holding to such effect.

The owners of 15/16ths of the mineral estate offered no objection to the dedication of the tract for a park but have intervened

and adopted the plea of the appellee Harris County and of the residential lot owners.

Appellant's second point is overruled.

There was filed in this cause a motion by appellees to strike the statement of facts for the asserted reason that it did not comply with Rule 377, Texas Rules of Civil Procedure. In view of our affirmance of this case, we think the motion to strike becomes immaterial and we accordingly refrain from passing upon the merits of the said motion.

Being of the opinion that the case has been correctly decided by the trial court, the same is in all things affirmed.

EARL P. HALL, Chief Justice (concurring).

Since appellant does not claim superior title to the disputed area acquired by and through the foreclosure proceedings but admits indirectly that his title is subject to the plat and dedication in controversy, I agree with the majority opinion.