

# THE ATTORNEY GENERAL.
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

September 28, 1973

The Honorable Gerald W. Schmidt
County Attorney
Gillespie County
Fredericksburg, Texas 78624

Opinion No. H- 111

Re: Whether the statute of limitations applies to roads dedicated to public use but either never used as such or used and later abandoned?

Dear Mr. Schmidt:

You have requested our opinion as to whether certain statutes of limitation may have run against Gillespie County to bar its claim of title to county roads dedicated in 1845 to public use. You state that some of the roads have been used by the public for transportation purposes while others have not, and that presently all of the roads in controversy have fallen into disuse and are being fenced by private owners.

An important aspect of your question is that the roads have been dedicated to the public. Apparently, the German Immigration Company platted the roads in conjunction with a plan for townlots and outlots in Fredericksburg and subsequently filed the plan in the records of Gillespie County. In our opinion, the sale of lots specified by the plan by reference to the recorded plat would be sufficient to constitute a dedication of the roads. Adams v. Rowles, 228 S.W. 2d 849 (Tex. 1950); Anderson v. Tall Timbers Corp., 378 S.W. 2d 16 (Tex. 1964).

The remaining question is whether any person could acquire by occupancy or adverse possession any right or title to any part of the roads so as to bar the claim of title by the county.

Prior to 1887 there was no statutory inhibition against a person acquiring title by limitation to land on which a road or street had been established.

Ostrom v. City of San Antonio, 14 S. W. 66 (Tex. 1890). And, in fact, the courts did permit the statute of limitation to run against a city when adverse possession was shown for a sufficient number of years. Neblett v. R. S. Sterling Investment Co., 233 S. W. 604 (Tex. Civ. App., Beaumont, 1921, writ ref'd. )

However, in 1887, the Legislature enacted a statute now found as Article 5517, V. T. C. S. It provides:

> "The right of the State, all counties, incorporated
> cities and all school districts . . . shall not be barred
> by any of the provisions of this Title, nor shall any
> person ever acquire, by occupancy or adverse posses-
> sion, any right or title to any part or portion of any
> road, street, alley, sidewalk, or grounds which belong
> to any town, city, or county, or which have been donated
> or dedicated for public use . . . or which have been laid
> out or dedicated in any manner to public use. . . ."

This provision has frequently defeated claims by individuals to rights in land dedicated as public roads. Adams v. Rowles, supra; Coombs v. City of Houston, 35 S. W. 2d 1066 (Tex. Civ. App., Galveston, 1930, no writ); Texas & P. Ry. Co. v. Reese, 163 S. W. 2d 249 (Tex. Civ. App., Texarkana, 1942, no writ); County of Calhoun v. Wilson, 425 S. W. 2d 846 (Tex. Civ. App., Corpus Christi, 1968, writ ref'd., n. r. e. ).

In our opinion no rights have been acquired by any individual in roads dedicated to public use in Gillespie County unless acquired prior to 1887, or acquired since 1955 under the provisions of Article 6703a, V. T. C. S. (Acts 1955, 54th Leg., p. 1625, ch. 525) which provides:

> "Whenever the use of a county road has become so
> infrequent that the adjoining land owner or owners
> have enclosed said road with a fence and said road
> has been continuously under fence for a period of
> twenty (20) years or more, the public shall have no
> further easement or right to use said road unless and
> until said road is re-established . . .; provided
> however, that this Act shall not apply to access roads
> reasonably necessary to reach adjoining land."

It is therefore our opinion that, unless private rights were acquired prior to 1887, Article 5517, V. T. C. S., excepts counties from the operation of the statute of limitation with respect to dedicated roads or streets. We are further of the opinion that, because of the specific restrictions imposed by Article 5517, V. T. C. S., upon acquisition of title by adverse possession, the 10 and 25 year statutes of limitation (Articles 5510 and 5519, V. T. C. S. ) do not apply to roads or streets either belonging to Gillespie County or dedicated to it for the public use. Since 1955, Article 6703a, V. T. C. S., has made a narrow exception to the general rule of Article 5517 by permitting a person to acquire rights in roads if he has fenced the land continuously for twenty years and if the road is not now "reasonably necessary" to provide access to adjoining property. Whether such rights have been acquired under that Article would depend upon the determination of factual questions which we are not permitted to make.

## SUMMARY

Except where a roadway has been enclosed by fence by an adjoining owner continuously for twenty years or more, and the roadway is not reasonably necessary to reach adjoining land, since 1887 roadways belonging to a county or dedicated to a county for public use have not been subject to adverse possession under Articles 5510 and 5519, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee