O. W. ADAMS ET AL V. D. V. ROWLES.

No. A-2447. Decided April 5, 1950.
(228 S. W., 2d Series, 849.)

*W. A. Hadden* and *Travers Crumpton,* both of Fort Stockton, for petitioners.

The court erred in holding it necessary to show an acceptance by the county of the dedication; that Article 5517, R. S., was inapplicable because of "economic waste" resulting therefrom; that there was no acceptance of the dedication proven; that petitioners failed to prove a valid dedication of the disputed area as a public road; and that the burden was upon petitioners to show title in dedicator at the time of dedication. City of Corsicana v. Zorn, 97 Texas 317, 78 S. W. 924; Martinez v. City of Dallas, 102 Texas 54, 59; Joseph v. City of Austin, 101 S. W. 2d 381; Amerman v. Missouri, K. & T. Ry. Co., 182 S. W. 56; Manziel v. Railroad Com. 197 S. W. 2d 490.

*Garland Casebier,* of Fort Stockton, for respondent.

The Court of Civil Appeals correctly held that the burden of proving title in the dedicator, at the time of the dedication, was on petitioners, and that an acceptance must be shown. Coombs v. City of Houston, 35 S. W. 2d 1066; Sanborn v. City of Amarillo, 93 S. W. 473; Chenowth Bros. v. Magnolia Pet. Co., 129 S. W. 2d 446.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

August 9, 1909, the Fort Stockton Irrigated Land Company filed for record with the County Clerk of Pecos County, Texas, a plat of Block No. One, a subdivision of certain sections of land in Pecos County, Texas. The dedicatory certificate on the plat stated "the Fort Stockton Irrigated Land Company (is) the proprietor of the above described and platted lands." This plat subdivided various sections of land into tracts of approximately 10 acres each and running east and west there were shown roads platted and dedicated so that there was a road between every other tract. By proper deeds of conveyance the petitioner Adams (one of the defendants below) became the owner of four of these tracts lying north of a 30 foot road shown on this plat, and the respondent Rowles became the owner of the tracts lying immediately south of such 30 foot road. The deeds of conveyance of each party specifically referred to the plat.

Respondent filed suit against Pecos County, Texas, and petitioner Adams in the District Court of Pecos County in a statutory action of trespass to try title, with a plea of 10 year statute of limitations, to recover title and possession of this roadway. Petitioner answered with various pleas, but particularly pleaded Art. 5517, Vernon's Ann. Statutes, 1925, as amended; pleaded that the roadway had been dedicated to public use, and therefore limitations could not run against it. At the end of plaintiff's testimony petitioners' motion for instructed verdict was granted and judgment rendered that the respondent take nothing. On appeal this judgment was reversed and the case was remanded by the Court of Civil Appeals at El Paso. 225 S. W. 2d 984. The Court of Civil Appeals held that petitioners could not recover because (1) they had failed to show title in the dedicator Irrigated Land Company; (2) that no acceptance of the dedicatory plat was shown by the record; (3) and that if an acceptance had been shown then the road had been abandoned. It is admitted by all parties that respondent proved his title under the ten year limitation statute and is entitled to recover unless prevented by the provisions of Art. 5517, Vernon's Revised Civil Statutes, 1925, as amended. To defeat the bar of Art. 5517, the petitioner urges the defenses as set out in the Court of Civil Appeals opinion.

Art. 5517 provides:

"The right of the State shall not be barred by any of the provisions of this Title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State. Id.; P. D. 4622-4; Acts 1887, p. 28; G. L. vol. 9, p. 826; Acts 1939, 46th Leg., p. 485, sec. 1."

If the land sued for by respondent, and which is shown on the recorded plat, was "* * * any part or portion of any road * * * which belong to any * * * county, or which have been donated or dedicated for public use to any such * * * county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any * * * county in this state," then limitation would not run against the county as to such land. Adverse possession by respondent could never perfect title in him, and he could not recover in this suit.

■ We will first discuss the proposition that for the dedication to be effective it must be accepted by the public, or the body benefiting from the dedication. In the case of Oswald v. Grenet, 22 Texas 94, 1.c. 101 et seq. (1858) this court said:

"A dedication has been defined to be the act of devoting or giving property, for some proper object, and in such manner as to conclude the owner. Hunter v. Trustees, etc. 6 Hill, 407, 411. Thus, if one owning land, exhibit a map of it, on which a street is defined, though not as yet opened, and building lots be sold by him, with reference to a front or rear on that street, this operates as an immediate dedication of the street; and the purchasers of lots have a right to have the street thrown open forever. Wyman v. Mayor, etc. 11 Wend. 486; Livingston v. Mayor, etc. 8 id. 85; 1 Hill, N. Y. 189, 192. And this principle is not limited in its application to the single street, on which the lots of the purchasers are situated. In the American notes to the leading case of Dovaston v. Payne, reported in Smith's Leading Cases, the general doctrine is thus stated, upon the authority of numerous cases: 'If the owner of land lays out and establishes a town, and makes and exhibits a plan of the town, with various plots of spare ground, such as streets, alleys, quays, etc., and sells the lots, with clear reference to that plan, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege, and advantage, which the plan represents as belonging to them, as part of the town, or to their owners, as citizens of the town. And the right thus passing to the purchasers, is not the mere right that the purchaser may use these streets, or other public places, according to their appropriate purposes, but a right vests in the purchasers, that all persons whatever, as their occasions may require or invite, may so use them; in other words, the sale and conveyance of lots in the town, and according to its plan, imply a grant or covenant to the purchasers, that the streets and other public places, indicated as such upon the plan, shall be forever open to the use of the public, free from all claim or interference of the proprietor, inconsistent with such use.' 2 Smith, Lead. Cas. 5th Am. ed. 208, 209; Rowan's Ex'rs v. Portland, 8 B. Mon. 232, 237; 3 id. 478, 481; 18 Ohio, 18; Spencer, 86, 106; 11 B. Mon. 163."

Manziel v. Railroad Commission, 197 S. W. 2d 490, writ refused, says:

"The question thus presented is a very simple one, and is, we think, resolved by the well established principles that: (1) the sale of lots by reference to a recorded plat constitutes, as be-

tween the grantor and grantee a dedication of the streets, alleys and other ways designated in such plat. City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924; Coombs v. City of Houston, Tex. Civ. App., 35 S. W. 2d 1066.

"* * *

"The cases cited by appellant to the effect that a dedication to be effective in so far as concerns the public, must be accepted, either expressly or by implication, by the public or by some agency representing the public, have no bearing upon the issue at bar, and need not be cited or considered. As between the grantor and grantee, under the circumstances stated, the dedication is effective and irrevocable by the former. McLennan County v. Taylor, Tex. Civ. App., 96 S. W. 2d 997."

See also Martinez v. City of Dallas, Tex. Civ. App., 109 S. W. 287, affirmed 102 Texas 54, 59, 113 S. W. 1167; Wolf v. Brass, 72 Texas 133, 12 S. W. 159; City of Corsicana v. Zorn, 97 Texas 317, 78 S. W. 924; Griffith v. Allison, 128 Texas 86, 91(1), 96 S. W. 2d 74 1.c. 1st col. 77 (1,2) ; McLennan County v. Taylor, Tex. Civ. App., 96 S. W. 2d 997, writ dismissed; Sanborn v. City of Amarillo, 42 Tex. Civ. App. 115, 93 S. W. 473, writ denied; Joseph v. City of Austin, Tex. Civ. App., 101 S. W. 2d 381, writ refused; City of Brownwood v. Sullivan, Tex. Civ. App., 28 S. W. 2d 603, 1.c. (2,3), citing City of San Antonio v. Sullivan, 23 Tex. Civ. App. 619, 57 S. W. 42, 1.c. 2nd col. p. 44 top, writ denied; City of Houston v. Finnigan, 85 S. W. 470, recognizing statute of 1887 (now Art. 5517) ; Coombs v. City of Houston, 35 S. W. 2d 1066; 14 Tex. Jur. p. 713 et seq. "Dedication" secs. 23 and 24; 26 C. J. S. sec. 52 p. 138, sec. 53(6) p. 140 note 98; Anno. 7 ALR 2d 607 et seq.

Following the above well-established principle of law we hold that as between the parties to this cause, the dedication was effective and irrevocable.

■ We next come to consider whether or not there had been an abandonment of this road as is held by the Court of Civil Appeals.

"Abandonment occurs when the use for which the property is dedicated becomes impossible of execution, or the object of the use wholly fails. In general, misuser does not constitute abandonment unless the dedicated use becomes impossible; but an abandonment may be effected by the substitution of new property for the old for a particular use." 26 C. J. S. Dedication sec. 63a p. 151.

"Except where statutes otherwise provide, mere negative non-user, or delay in beginning use, does not ordinarily constitute abandonment; nor is the use or improvement of part only of the dedicated property an abandonment of the balance." Idem sec. 63b p. 152.

The Commission of Appeals in the case of Griffith v. Allison, 128 Texas 86, 96 S. W. 2d 74 (opinion adopted by the Supreme Court), said:

"It appears to be well-settled that an abandonment, even of an easement acquired by purchase, occurs when the use for which property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated wholly fails. Dickinson v. Arkansas City Imp. Co., 77 Ark. 570, 92 S. W. 21, 24, 113 Am. St. Rep. 170; Town of Glasgow v. Mathews, 106 Va. 14, 54 S. E. 991, 992; Mason v. Wall, 96 W. Va. 461,, 123 S. E. 457, 458; Campbell v. City of Kansas, 102 Mo. 326; 13 S. W. 897, 10 L. R. A. 593; Gaskins v. Williams, 235 Mo. 563, 139 S. W. 117, 35 L. R. A. (N. S.) 603; Porter v. International Bridge Co., 200 N. Y. 234; 93 N. E. 716, 21 Ann. Cas. 684; Blank v. Borough of Haddonfield, 96 N. J. Eq. 641, 126 A. 300; State v. Hamilton, 109 Tenn. 276, 70 S. W. 619; Chapin v. Lake, 116 Va. 364, 82 S. E. 89; 18 Corpus Juris p. 123, sec. 160."

Mere non-user of an easement will not extinguish it. Dallas County v. Miller, 140 Texas 242, 245 (1, 2), 166 S. W. 2d 922 (opinion adopted by the Supreme Court) 1st col. p. 924 and authorities therein cited. See also McLennan County v. Taylor, Tex. Civ. App., 96 S. W. 2d 997 1.c. 999 (5,6), writ dismissed.

■ The record reflects that since the filing of the plat in 1909 the county has opened up certain roads on the tract of land, and has graded some of them and one at least has been paved. The record also shows that the respondent has used a part of this roadway in question as a means to get from place to place on his farm, and that the ditch rider for the present irrigation system on occasion has come thru the gate maintained by respondent in the fence across the roadway. Although this plat was prepared by the company who intended to use the lands on the plat for raising grapes, California citrus and other fruits, and this use has not been successful, the lands are used for irrigation and the lands are still divided into the tracts of approximately ten acres and there are irrigation ditches and an irrigation system as originally prepared. As far as this record shows, the lands within the boundaries of this tract are still

sold and described with reference to the plat as recorded, and there has been no revocation of the dedicatory plat. This evidence most certainly does not show the use for which the property was dedicated to be "impossible, or so highly improbable as to be practically impossible," or that the object of the use for which the property was dedicated has wholly failed as is required for an abandonment of the roads to arise. The facts regarding the alleged abandonment are undisputed. Therefore no jury question arises, but only a question of law. The tract is still used to raise irrigated crops, and the water available at the time of the original platting and dedication has been supplemented by the drilling of irrigation wells. It is to get to the wells on his land, that the petitioner has need of the roadway. It was only recently these wells were drilled and developed, and at such time or shortly thereafter this lawsuit arose. We hold there has been no abandonment of the roadway in question.

■ We now come to the question which has given us the most concern, and that is the holding of the Court of Civil Appeals that petitioner cannot recover in this cause because he failed to prove the title of the dedicator.

We must remember that this is a statutory action of trespass to try title brought by respondent in the trial court and that if respondent is to prevail, he must do so on the strength of his own title and cannot rely on the weakness or defects in the title or proof of petitioner. 41 Tex. Jur. p. 492 Trespass to Try Title sec. 30. This proposition has long been recognized as the law in Texas and requires no long citation of authorities. Respondent in making his case introduced the plat for locative purposes only, but it was offered by defendant for all purposes. Respondent further introduced certain deeds to his lands along which the roadway runs. The petitioner introduced a deed from a remote grantee of the Original Irrigation Company, conveying to him the lands owned by him and along a part of such lands is situated the roadway in question. All of such conveyances refer to the original dedicatory plat on which the roadway in question is shown. Thus we believe respondent's own evidence shows the dedication of this roadway. It is in his chain of title, and he is charged with knowledge of its existence. He took his land burdened with the roadway. Cases which in principle support this holding are Terrell v. Summit Place Co., Com. App., 232 S. W. 282 and Houston Oil Co. v. Williams, Tex. Civ. App., 57 S. W. 2d 380, writ refused, and authorities there cited.

Respondent relies on the case of Gladewater Lumber & Supply Co. v. City of Gladewater, Tex. Civ. App., 87 S. W. 2d 527,

and Chenowth Bros. v. Magnolia Petroleum Co., Tex. Civ. App., 129 S. W. 2d 446, writ dismissed cor. judg't, wherein the Gladewater Lumber Co. Case is cited as authority.

■ In the Gladewater Lumber Company Case, supra, the plaintiff held to have the burden of establishing title in the dedicator to the street, for upon such depended the plaintiff's right to recover. Also, this case has no writ history, and so far as we can find, its pronouncements have never had the approval of the Supreme Court. It has never been cited except in the Chenowth case. In Chenowth Bros. v. Magnolia Petroleum Co., supra, the evidence introduced on the trial affirmatively showed a lack of title on the part of two of the dedicators, and further the case holds there was never any acceptance of the proposed dedication. The evidence affirmatively showed that the owners of an undivided ½ interest in the property dedicated had never joined in the dedication deed, nor took any action with reference to the attempted dedication. The Supreme Court expressly refused to approve the law points involved, but only approved the result reached by noting on the application for the writ "Dismissed Correct Judgment." We think those two cases are distinguishable on their facts from the case at bar. Here the evidence showed respondent held title to his land with reference to the dedicatory plat duly recorded, and this showed what we have held to be a valid dedication of the land sued for as a public road. Therefore Art. 5517 applies and respondent may not claim the same by limitation. We think our case at bar is controlled by Coombs v. City of Houston, Tex. Civ. App., 35 S. W. 2d 1066, no writ history, and Texas & P. Ry. Co. v. Reese, Tex. Civ. App., 163 S. W. 2d 249, no writ history.

The respondent herein (plaintiff below) having sued in trespass to try title for the roadway in question, and the evidence affirmatively showing he is not entitled to recover, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court that he take nothing and against him for costs is in all things affirmed.

Opinion delivered April 5, 1950.

No motion for rehearing filed.