## ESTES v. CAMPBELL.
### No. 10153.

Court of Civil Appeals of Texas.
Austin.

June 10, 1953.

Paul Petty, Ballinger, for appellant.

Hathaway & Parish, by O. L. Parish, Jr., Ballinger, for appellee.

ARCHER, Chief Justice.

This is a trespass to try title suit instituted by Ross Campbell, as plaintiff, against J. B. Estes, as defendant, to recover the title and possession to certain real property situated in Runnels County, Texas, and described by metes and bounds, and to include a number of lots and parts of lots and all of the public square, streets and alleys within the description, as the same appear on the map of the plan of the Original Town of Hatchell, Runnels County, Texas, and reference was made to the map.

Plaintiff alleged that he and those whose title he holds have had peaceable adverse possession of the lands, cultivating, using and enjoying the same for more than ten years, and sought recovery under the statute of limitation.

The defendant filed a general denial and plea of not guilty and alleged that he had purchased the lands for a valuable consideration under deeds duly registered more than five years before the commencement of the suit, and during such period has claimed, cultivated, used and enjoyed such lands and paid all taxes thereon.

No record title is shown in either party.

On a trial to a jury the court submitted one issue inquiring if the plaintiff and those whose title he holds and claims have held peaceable and adverse possession of a tract of land which admittedly described only the South portion of the Public Square and those portions of Sixth Street and Kirk Avenue adjacent to the said part of the Public Square.

There is in evidence a blue print of the revised map of the Town of Hatchell on Abilene and Southern Railway, eight miles North of Ballinger, Runnels County, Texas, bearing a date June, 1910—J. E. Powell.

There is shown on this map blocks Nos. 1 to 50, inclusive, with numbered lots and streets and alleys, together with the right of way of railroad and road marked "Ballinger and Abilene Road."

A Public Square is laid out.

Based on the verdict of the jury the court entered judgment for the plaintiff for a tract of land described by course and distance "and same being a portion of 6th Street and Kirk Avenue and the Public Square of said townsite of Hatchell."

The appellant J. B. Estes has assigned six points as error in the trial of the case, but in view of our disposition of the case we do not consider the points as such.

We believe that the judgment is without effect since, by the pleadings and evidence the property is made up (by the plaintiff's petition and the charge of the court as a "*portion*" of the Public Square—the judgment awards the *entire* Public Square) of public streets and a Public Square. No effort was made to show an abandonment and none was shown.

Article 5517, Vernon's Ann.Civ.St., provides:

"The right of the State shall not be barred by any of the provisions of this Title, nor shall any person ever acquire, by occupancy or adverse possession, any right or title to any part or portion of any road, street, alley, sidewalk, or grounds which belong to any town, city, or county, or which have been donated or dedicated for public use to any such town, city, or county by the owner thereof, or which have been laid out or dedicated in any manner to public use in any town, city, or county in this State."

Since the land sought to be recovered was shown on the plat and by undisputed

evidence to be streets and a Public Square, adverse possession by appellee could never perfect title in him and he could not recover in this suit.

■ In a statutory action of trespass to try title brought in the trial court the plaintiff must prevail on the strength of his own title and cannot rely on the weakness or defects in the title or proof of the defendant. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849.

In the Adams case our Supreme Court has brought forward the authorities and cases and we do not cite them again.

■ While, ordinarily, prior possession is a sufficient basis for recovery in a trespass to try title suit where no title is found in the defendant, 41 Tex.Jur. p. 536, this is not the case where title to the land is shown to be in the State. The rule is stated in 41 Tex.Jur., p. 542, quoting from Collyns v. Cain, 9 Tex.Civ.App. 193, 28 S.W. 544, 548, as follows:

"If a possession is not such that by lapse of time it would mature into title, it cannot be title in itself sufficient to maintain an action of trespass to try title. The general rule is that the plaintiff must deraign title from the sovereignty of the soil, in order to recover in trespass to try title; but, it has been seen, prior possession, in some cases, is made equivalent to such deraignment. This, however, cannot be if the possession is wrongful as against the state. It is not the policy of the law to allow parties to litigate to judgment upon possessory rights to land, the legal and equitable title to which is in the state."

These same principles are equally applicable to public property other than State property which is unaffected by adverse possession.

■ We make the further observation that the facilities of a court should not be utilized by private parties in attempting to litigate nonexistent rights in public property.

All of the witnesses testified concerning the location of the streets and the Public Square and it was error for the court to enter any judgment except of dismissal.

We reverse and dismiss this cause because a take nothing judgment as to appellee might be considered as vesting title in the appellant.

Reversed and dismissed.