**CITY OF LUBBOCK et al., Appellants,**

**v.**

**A. L. MERRIWETHER et al., Appellees.**

No. 6540.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 5, 1955.

Rehearing Denied Dec. 31, 1955.

Vaughn E. Wilson, City Atty., Clyde A. Mote and Fred O. Senter, Jr., Asst. City Attys., Pat S. Moore and A. W. Salyars, Lubbock, for appellants.

Campbell & Brock, Lubbock, for appellees.

PITTS, Chief Justice.

This is a trespass to try title suit filed by A. L. Merriwether, his wife, Margueriete Merriwether, and his mother, Annie J. Harris, a feme sole, against the City of Lubbock, a municipal corporation, and Lubbock Cotton Oil Company, a corporation, seeking recovery of title and possession to the south one-half of that portion of 17th Street extending east of Avenue A in Lubbock, the said portion of 17th Street being a "dead end" street, contending that the same had been abandoned by the said city as a public street and that the only valuable

use that could be made of it is personal use for the benefit of plaintiffs and the said cotton oil company, all of whom separately own the town lots adjacent thereto. The case was tried to a jury and judgment was rendered upon its verdict for appellees from which judgment appellants have perfected an appeal and have presented separate briefs in presenting practically the same assignments of error.

Seventeenth Street extends east and west one block north of 18th Street. Avenue A is a very busy street extending north and south through what is known as the colored section of Lubbock. In the middle and at the point of intersection of Avenue A with 17th Street there is a signal traffic light used to control the movement of traffic and pedestrians. That portion of 17th Street extending east of the point of the said intersection composes the dead end street here involved. Immediately south of 17th Street and along both sides of Avenue A there are many business houses being operated by colored people. The dead end part of 17th Street here involved extends 117½ feet east of Avenue A, is 75 feet wide and for many years had a metal fence built across the back part of it. Appellant, Lubbock Cotton Oil Company, owns town lots adjacent to and north and east of the dead end street and has its oil mill located on the lots immediately north of the same. Appellee, A. L. Merriwether, owns Lots 1 and 2 in Block 222 adjacent to the south side of the dead end street and extending to Avenue A on the west where it joins the said avenue with a concrete curb. His lots are 117½ feet deep east from Avenue A and each lot is 26 feet wide but the two of them together are 52 feet wide. He has a two-story tile and frame building erected on his said lots located five feet from the south line of that portion of 17th dead end street, six feet from the back or east line of his lots and 73 feet from Avenue A on the west. In that building he owns and operates a boarding house, a cafe, a barber shop and a beauty shop all located near the other business part of the colored section of the city. Most of his customers are colored people, many of whom live along Avenue A south of 17th Street near the colored business section of the city.

The original plat of the original town of Lubbock of date January 15, 1891, shows the dedication of the public square and all of the streets and alleys within four blocks of the public square for public use. Thereafter on March 26, 1907, all other streets and alleys shown by the plat of the town of Lubbock, including that portion of 17th Street here involved, were conveyed in fee simple by warranty deed to the public for public use. The lots near to and adjacent to the dead end street here in question have since been sold and resold probably many times in accordance with the provisions of the original plat of the original townsite of Lubbock. Appellee, A. L. Merriwether, purchased his said lots in 1943 with the dead end street already there and he has never conveyed any part of them to the city for use as any part of 17th Street. On May 10, 1951, by a city ordinance No. 1085 duly passed and by a duly executed quit claim deed of the same date the City of Lubbock, for a valuable consideration, conveyed to Lubbock Cotton Oil Company a triangular portion of the northeast corner of the dead end street, the same being a right triangle with the east and north legs thereof each being 75 feet long and the hypotenuse thereof being 106.07 feet long containing 2,812.5 square feet and the same being adjacent on both the east and north sides to other improved lots owned by Lubbock Cotton Oil Company. Immediately after purchasing the said triangular portion of the dead end street Lubbock Cotton Oil Company built a fence along the hypotenuse of the triangle, thus enclosing the said triangular portion together with its other lots adjacent thereto. The remainder of the dead end street was left open, unobstructed and was in no way disturbed by such conveyance and the fence thereafter built. That portion of the dead end street remaining is 117½ feet deep along the south side next to A. L. Merriwether's lots and business establishments, 42½ feet long on the north side next to Lubbock Cotton Oil Company's lots and improvements thereon and 75 feet wide. About the middle of the

north side of the remaining portion of the dead end street, Lubbock Cotton Oil Company has placed a large gate, which furnishes the only means of entrance into the enclosure to its oil mill after entering the dead end street. The gate is usually left open during business seasons and is accessible to the general public who have business to transact with Lubbock Cotton Oil Company or its oil mill. Because of the concrete curb along Avenue A separating it from the business establishments of A. L. Merriwether located on his said lots, the only means of entrance by motor vehicles to his places of business is by way of that portion of 17th Street known as the dead end street. Merriwether has provided parking space for his customers on that portion of his said lots not covered by his building.

While appellees claim superior title and contend that the City of Lubbock had abandoned the dead end street because of the failure of the general public to use it, since which time limitation has run, and that the city had no right to attempt to sell or convey any part of the dead end street, appellants have joined issue with them on every material question raised. Appellants contend that the trial court erred in overruling their separate motions for preemptory instructions for various reasons therein stated but particularly because the evidence conclusively, abundantly and overwhelmingly established as a matter of law that 17th Street east of Avenue A, the same being the dead end street here involved, had been continuously open and unobstructed as a public street since 1891; that the same has never been abandoned by the city or the general public and that portion of the same now open is being continuously used daily by the general public as a public street. Appellants also assert superior title by reason of fee simple ownership and further challenge the manner in which the case was submitted to the jury. Other points of error are likewise presented by appellants which may be hereinafter mentioned.

Appellees presented three witnesses who gave oral testimony, some of which has been previously herein stated in a general way and is not challenged. Appellee, A. L. Merriwether, testified that he had owned his lots in question and had lived in the vicinity of the dead end street for 17 years; that during that period of time that portion of 17th Street east of Avenue A was not used by the public, but it has been privately used; that he has never observed the general public using the said dead end street; that he did not know of any way the general public could use it or any purpose for which the same could be used by anybody except for the use of himself and the Lubbock Cotton Oil Mill Company as adjoining owners thereto. He thereafter testified that, by the use of the term "general public" he meant and was referring to people who may use the dead end street in going to places other than to his places of business or to the oil mill; that his business customers or those who had business with the Cotton Oil Company or the oil mill were not considered by him as a part of the general public since they used the dead end street in transacting private business. He further testified, using his own language, that the general public he "was referring to is that part of the 'public' that's going to other places than to the oil mill and to trade with me." He sought to make a distinction between that part of the general public who used the dead end street in transacting private business with him or the oil mill and that part of the general public who used the same in transacting public business. He emphatically, unequivocally and repeatedly testified that the dead end street in question had been previously and continuously used by his customers, by those who had business with and dealt with Lubbock Cotton Oil Company or the oil mill and others who had used the dead end street for a place to make a U-turn and drive back on to Avenue A or to turn back in the opposite direction on 17th Street. He further testified in effect that if these such users of the dead end street composed a part of the general public, the dead end street had been continuously used daily by the general public; that the dead end street showed it had been used and that it had been previously paved but the pavement was then badly

worn. Appellees' witness, Maria Green, gave brief testimony corroborating the latter part of Merriwether's testimony concerning the use of the dead end street and their witness, W. B. Carr, testified upon direct examination that he had observed the continuous use of the dead end street in question by the general public for the past 25 years. A. L. Merriwether likewise testified that the present fence built by Lubbock Cotton Oil Company angling across the lower end of the dead end street does not extend between his property and the dead end street and does not interfere with his use of the said Lots 1 and 2.

■ Of course the numerous people who have used and are still using the dead end street in their business transactions with appellee, A. L. Merriwether, and with appellant, Lubbock Cotton Oil Company, constitute a part of the general public as a matter of law as did those who used the dead end street merely to make a U-turn. By reason of the conclusive testimony given by appellee, A. L. Merriwether, and his other witnesses, to the effect that the dead end street in question had been continuously used by the general public and by reason of other documentary evidence before the trial court, it is our opinion that appellants' motions for an instructed verdict should have been sustained and judgment accordingly rendered for appellants and denying appellees any recovery. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849, and other authorities therein cited. That was a trespass to try title suit in which the trial court gave an instructed verdict as a result of issues there presented very similar to those presented here and the trial court's actions were sustained by the Supreme Court, which there announced rules of law applicable to the issues joined in the case at bar and the same compel the same disposition of this case as was made of that case.

Appellants further challenge and charge, however, that the trial court improperly submitted the case to the jury over their objections timely filed and erroneously rendered judgment based on the one special

issue answered by the jury over their objections, but that appellees have waived their rights in any event to complain about such matters as a result of their failure to object to the manner of submission of the case, to any issues submitted or to the failure of the jury to answer three additional special issues submitted to it. Assuming that it may have been proper to submit the case to the jury, appellants' challenges and charges herein stated are well taken for the reasons hereinafter stated.

The trial court's judgment was based upon the jury's answer to Special Issue No. 1 propounded in the following language:

"Do you find from a preponderance of the evidence that the strip of land in question has not been used as a street by the general public for such a period of time that it may be fairly inferred that the general public intended to use the same as a street? Answer:

'It has not been so used' or 'it has been so used.'"

To that inquiry the jury answered:

"It Has Not Been So Used."

The trial court submitted three other special issues on the question of private use of the dead end street by the Lubbock Cotton Oil Company and appellees and on the question of abandonment of the dead end street by the general public or the abandonment of that portion left after a part of it had been sold, but the jury was instructed by the trial court to answer such additional three special issues submitted only in the event it had answered the first special issue, "It has been so used." Since the jury gave a negative answer to the first special issue, it, in compliance with the trial court's instructions, did not answer the three additional special issues submitted.

■ In our opinion the language used in submitting Special Issue No. 1 is vague, misleading and confusing in its terminology. We find no basis in the pleadings or the evidence for submitting an issue in such a form and in our opinion the jury's

answer given in reply to the inquiry furnished no basis for a judgment favorable to appellees. If it could be said that the issue as presented made a proper inquiry, in our opinion the trial court did not sufficiently designate "the strip of land in question" inquired about. It is conceded that the triangular portion of the dead end street that had been more than two years previously sold by the City of Lubbock to Lubbock Cotton Oil Company and by it fenced together with its other enclosure had been abandoned as a public street and was no longer being used by the general public, but no such concession has been made about the remainder of the dead end street. There are two distinct and separate strips of land involved in the controversy. One of them is privately owned and has not been used by the general public since May, 1951. The evidence reveals conclusively that the other has been consistently used as a public street by the general public and was still being so used. An inquiry made to the jury about the use by the general public of "the strip of land in question" is confusing and not specific enough to apprise the jury which strip of land the trial court was inquiring about and there is no way to determine from the record which strip of land the jury was considering when it answered "It Has Not Been So Used." It is our opinion, however, that the submission of Special Issue No. 1 and the answer thereto did not, in any event, determine any material question raised in this law suit and could not have regardless of any answer given thereto by the jury. The conditional submission of other issues to the jury on the questions of private use or of abandonment to be answered only in the event of an affirmative answer to Special Issue No. 1 was equivalent to no submission of them when the event upon which their submission depended did not occur.

■ Appellees' basic grounds for recovery were depending principally upon the question of abandonment of the dead end street. Appellees made no objections to the manner of submission of the case and did not object or except to the failure of the jury to answer the issues submitted on the questions of private use and abandonment, for which reason appellees have waived their right in any event to recover on the question of abandonment even if judgment should not be properly rendered against them on other grounds and for other reasons heretofore stated. Whiteside v. Tackett, Tex.Civ.App., 229 S.W.2d 908 and other authorities there cited.

■ If for no other reason, appellees would be prohibited, according to the record before us, from recovering title and possession to the triangular portion of the dead end street sold by the City of Lubbock to Lubbock Cotton Oil Company on the grounds of two years statutes of limitation as provided for in Article 5526a, Vernon's Annotated Civil Statutes. The record reveals that the said portion of land was sold on May 10, 1951, and soon thereafter enclosed, while appellees did not file this suit until November 7, 1953, more than two years after the sale and enclosure were made. Article 1175, subd. 18, of the Home Rule Act, gives the City of Lubbock control to regulate, alter, widen, narrow, straighten, vacate, close or abandon public streets or alleys. Since the City of Lubbock owned in fee simple that portion of the land sold we see no reason why it could not sell the same after it decided to close and abandon that portion of the dead end street.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered denying appellees any recovery. Reversed and rendered.