**W. E. PLUNKETT and W. J. Massey, Appellants,**

v.

**T. D. YOUNG et al., Appellees.**

No. 3860.

Court of Civil Appeals of Texas.

Eastland.

Feb. 7, 1964.

Rehearing Denied March 6, 1964.

Ponder & Pearson, Sweetwater, for appellants.

Mays, Leonard, Moore & Dickson, Sweetwater, David W. Stephens and Robert W. Fuller, Midland, for appellees.

WALTER, Justice.

W. E. Plunkett and W. J. Massey filed suit against Dr. T. D. Young, Gulf Oil Corporation and The Equitable Life Assurance Society for a declaratory judgment and injunction to prevent the closing of the road in question. Based on a verdict, the court rendered judgment that the plaintiffs take nothing. They have appealed. They contend there was no evidence and insufficient evidence to support the jury's answer that the public had abandoned the road and that such answer is against the preponderance of the evidence.

The jury found that the general public continuously used and traveled a roadway across the land in question now owned by the defendant, Dr. T. D. Young, openly and adversely, for a period of 10 consecutive years or longer prior to the filing of this suit and that the public had abandoned the road.

The road is approxiamtely 30 feet wide. It is near the farms of the appellants. It intersects the west boundary line of a paved Roscoe to Maryneal highway and extends west for approximately one half mile. Dr. Young leased the 121 acres north and 40 acres south of the road in 1946, and purchased the land, without the minerals, from Gulf Oil Corporation on January 9, 1962.

In considering this record to determine whether there is any evidence to support the jury's answer that the public had abandoned the road, we must consider only the evidence favorable to the finding. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The evidence conclusively establishes that the road, since its early history, has been used very little and that the appellants have other roads available from their farms to the highway.

Charles Plunkett, son of appellant W. E. Plunkett, has been farming his father's land since 1952. He didn't use the road in 1962 or 1961 and didn't know if he used it in 1960; he might have used it in 1959, and was not sure about 1958. He identified defendants' exhibits 2 and 3 as pictures of the east end of the road. Exhibit 3 shows a culvert laying east and west, apparently under the Roscoe Maryneal highway, that appears to be in the center of the road where it intersects the highway. It also shows water in the borrow ditch. Exhibit number 3 is as follows:

Appellant, W. E. Plunkett, testified that the road had been used since 1910; that it was fenced on both sides until 1940, and that Dr. Young erected a fence and thereby closed the west side of the road in early 1960. There was evidence to the contrary, but five of appellees' witnesses testified as to the non-use of the road.

E. E. Harkins worked for the county as a "cat driver" for ten or twelve years beginning in 1938. When asked to describe the road he answered:

"A—Well, it was just a short road there that I guess a half a mile, hardly that much, crossing that lake, and it wasn't * * * never worked the road myself, when I was working for the county, but some people used it."

He went to this vicinity one time with a gentleman who was pumping a well and road in a boat down the road. He further testified as follows:

"Q-4 Now, would you take it by the county's failure to work this thing, that

they didn't work it as a road, that they weren't crossing it anymore. * * *

"A–I never heard it discussed whether it was too expensive to build a fill there to make it usable for everybody.

"Q–5 Never did have a fill in there?

"A–As far as I know there was never any plan to build it above the water level.

"Q–6 Never was worked, and never had any ditches?

"A–I never worked it, and don't know of a county hand that did work it."

Walter Womack testified that he had worked for Dr. Young for about fifteen years operating the farm where the road is located; that from 1948 until "last winter a year ago" the place was fenced at all times; that Mr. Plunkett nor Mr. Massey nor anyone else ever complained to him about the fence; that Bill Renfro and Fred Reeves used the road while they were pumping some wells in that area but that he never did know of the public using it; that part of the road had been in cultivation for five or six years and that when he first started working the land, the water would stand in the area where the road is located after a heavy rain for a week or ten days.

■ Appellants rely on Adams v. Rowles, 149 Tex. 52, 228 S.W.2d page 849, and cases involving abandonment of roadways or other easements acquired by dedication. The rule followed in those cases is that abandonment occurs when the use for which the property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated wholly fails. This line of cases holds that "mere non-user of an easement will not extinguish it."

Appellees contend that non-user of a roadway acquired by prescription is evidence of an intention to abandon, subject to explanation by the owner that he had no such intention. He also contends that the object for which this property was ac-

quired has failed because a culvert has been erected by the county in the center of the east end of the road where it intersects the highway and that borrow ditches are maintained between the road and the highway which renders the use for which the land was acquired impossible. Appellees also contend that the county in the construction of the highway and the borrow ditches have effectively blocked and destroyed the use for which the land was acquired and that such act by the county is some evidence that the public had theretofore abandoned the road.

■ We have concluded that the facts and circumstances clearly indicate an intention on the part of the public to abandon the road. The evidence of dis-use and that the use of the land as a road has become practically impossible and that the purpose of the road as a public thoroughfare has wholly failed, constitute some evidence of probative force supporting the jury's answer that the public has abandoned the road.

■ We have examined and considered all the evidence and find that the jury's answer that the public has abandoned the road is not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Appellants have a point complaining about the action of the court in submitting issue 4 to the jury. It inquired whether Dr. Young was without actual notice of appellants' claim of easement at the time he purchased the property in question. They also contend that there is no evidence, and insufficient evidence, to support the affirmative answer to this issue and that said answer is against the great weight and preponderance of the evidence. Any error in submitting issue 4 is harmless since the jury found that the public had abandoned the road. The appellees would be entitled to a judgment on the finding of abandonment without regard to issue number 4.

Appellants also contend that there is no evidence to support the jury's finding in response to issue number 2 that a roadway across the land in question was not dedicated as a public road by Dr. Young's predecessors in title prior to his purchase of such land. In view of the jury's answer to issue 1 that the general public continuously used and traveled a roadway across the land in question, openly and adversely, for ten consecutive years or longer, and their finding of abandonment the jury's answer to said issue number 2 would be immaterial.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.