**The STATE of Texas, Appellant,**

v.

**Lonnie HALLER et ux., and Louise L. Morris et al., Appellees.**

**No. 14820.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 4, 1970.

Rehearing Denied March 4, 1970.

Crawford C. Martin, Atty. Gen., Nola White, Hawthorne Phillips, W. V. Geppert, Watson C. Arnold, Troy C. Webb, Austin, for appellant.

W. Pat Camp, Robert C. Patterson, Remy, Schiller & Bayern, San Antonio, for appellees.

BARROW, Chief Justice.

This is a suit for declaratory judgment brought by Lonnie Haller and wife, Sandra S. Haller, hereinafter referred to as plaintiffs, against Alphonse H. Lamm and wife, Mary C. Lamm, Louise L. Morris and husband, Ben Morris, Hidegarde L. Judson and husband, Jack Judson, Leo C. Frels and wife, Estelle Frels, Harriet Frels, a feme sole, and Mary Virginia Frels Murray, a feme sole, hereinafter referred to as defendants, to determine plaintiffs' right, if any, to use a 31-foot private roadway from their abutting land to F.M. 1518, also known as South Flores Street or Lamm Road. Plaintiffs' suit is also to determine

their right, if any, to ingress and egress from their land to Mathis Road by crossing defendants' 377.46-acre tract.

The State is condemning a portion of the private roadway between plaintiffs' tract and F.M. 1518 for right-of-way purposes for Interstate Highway No. 37, which taking will prevent plaintiffs from reaching F.M. 1518 by such roadway. Should plaintiffs have no right to travel to Mathis Road across the 377.46-acre tract owned by defendants, the effect of the State's condemnation will be to leave the plaintiffs' tract landlocked. Since this will affect the measure of damages owed plaintiffs by State, it intervened in this action and asserted that if plaintiffs have a present right to use the 31-foot private roadway they have equal right to ingress and egress across defendants' land by use of a roadway shown on a plat of such land. A photostat copy of such plat which was filed in the Deed Records of Bexar County, Texas, in 1949, by some unknown party, is appended hereto. We have superimposed on this plat the location of proposed I.H. 37, and have also identified plaintiffs' tract. F.M. 1518 is not shown on the plat, but is immediately north of the condemned portion of the 31-foot roadway identified as "Lamm Road."

The trial court entered judgment, after a non-jury trial, declaring that plaintiffs have the right to use the 31-foot private roadway for ingress to and egress from their 32.2 acres of land, which land is a part of Tract 19. Further, that such roadway extends only from F.M. 1518 to the northeast corner of Tract 21, known as the campsite, and therefore does not bisect defendants' property, designated on the plat as Tract 20. The court further declared that plaintiffs have no right or easement, express or implied, to go upon or across defendants' 377.46-acre tract of land. Only the State perfected an appeal from this judgment.

State asserts six points of error, but all relate to its proposition that a roadway from the campsite to Mathis Road was ir-revocably dedicated by the heirs of E. J. Lamm, deceased, by their act of subdividing the property in question and sale of Tract 19 thereof to plaintiffs' predecessors in title. The evidence is undisputed that there is not now and never has been a roadway from the campsite to Mathis Road on the right-of-way shown on the plat. Furthermore, the evidence supports the trial court's finding that defendants have had exclusive possession and use of Tract 20 for more than ten years. Plaintiffs' right to cross the property is thus barred by the five and ten-year statutes of limitation unless a roadway across same was dedicated for public use by filing the plat. See Art. 5517, Vernon's Ann.Civ.St. Thus all of State's points of error are concerned with the legal effect of the plat of land filed for record in 1949.

Prior to May 17, 1947, E. J. Lamm died, leaving the property involved herein as a part of his estate. On May 17, 1947, his heirs partitioned among themselves a part of the property involved herein. Tract 19, consisting of 77 acres, was conveyed by the heirs to Ernest H. Lamm. In 1948 this tract was conveyed to Harry W. Frels and wife, and in 1961 it was conveyed to Assunta L. Hopfinger. On September 30, 1968, Miss Hopfinger conveyed 32.2 acres out of Tract 19 to plaintiffs. Tract 20, consisting of 377.46 acres, was conveyed by the heirs to Rev. Wm. R. Lamm, Hildegarde L. Judson, Louise L. Morris and Agnes L. Frels. Rev. Lamm and Agnes L. Frels are now deceased and their heirs are the other named defendants herein. The six-acre campsite and the 31-foot private roadway from the campsite to F.M. 1518 were not partitioned and this property has been jointly used by all the heirs of E. J. Lamm and the taxes thereon have been paid by them. The campsite is used for picnics and other such purposes.

There is no direct evidence relating to the plat, but it is apparent that it was prepared by James C. Adams, a licensed State land surveyor, for use by the heirs in the partial partition of the property. The plat

recites that is was surveyed for the heirs of Ernest J. Lamm and the metes and bounds descriptions in the two partition deeds, heretofore referred to, are obviously taken from Adams' survey although the plat was not filed for record at that time and the deeds do not refer to any plat. State urges that a roadway through Tract 20 is shown on this plat and it was thereby irrevocably dedicated under the rule set forth in Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849 (1950).

In Adams v. Rowles, supra, a plat was filed for record which subdivided various sections of land into tracts of approximately ten acres each, which were sold and between every other tract was a platted and dedicated road. It was held, in a suit brought by the purchaser of one of the tracts, that such roads were thereby irrevocably dedicated. Such holding was based upon the following statement from Oswald v. Grenet, 22 Tex. 94 (1858), which has been consistently cited with approval: "A dedication has been defined to be the act of devoting or giving property, for some proper object, and in such manner as to conclude the owner. * * * Thus, if one owning land, exhibit a map of it, on which a street is defined, though not as yet opened, and building lots be sold by him, with reference to a front or rear on the street, this operates as an immediate dedication of the street; and the purchasers of lots have a right to have the street thrown open forever." See also Manziel v. Railroad Commission, 197 S.W.2d 490 (Tex. Civ.App.—Austin 1946, writ ref'd).

We do not believe a roadway from the campsite to Mathis Road through Tract 20 was dedicated by the plat which, although used for deed descriptions in 1947, was not filed for record until a copy of the surveyor's tracings was recorded in the deed records by some unknown person in March, 1949. The property of E. J. Lamm, deceased, was not subdivided by this plat in the sense contemplated by Adams v. Rowles, supra. It was not contemplated, by the heirs of E. J. Lamm, that

lots or tracts would be sold to the public. There was no roadway through Tract 20 then in existence, nor was such a roadway necessary at such time. This is clearly shown by the plat itself. The heirs of E. J. Lamm did not partition the campsite or the 31-foot private roadway. The deed descriptions to Tract 19 and Tract 20 are based on the eastern edge of such abutting private roadway. Therefore, this 31-foot private roadway between the campsite and F.M. 1518 was clearly excluded from both Tract 19 and Tract 20. On the other hand, the grantees were conveyed 377.46 acres in Tract 20, which specifically included the 4.73 acres in the designated right-of-way in Tract 20, between the campsite and the Mathis Road. The metes and bounds description of the 377.46-acre tract included all of the right-of-way in Tract 20. Furthermore, there is a recitation on the plat that the NE corner of the campsite (Tract 21) is the "SW end of recorded road" and only the part from the Campsite to F.M. 1518 is designated as "Lamm Road."

These facts bring this case within the rule stated in Anderson v. Tall Timbers Corporation, 378 S.W.2d 16 (Tex.Sup. 1964). There a subdivision was created and at such time a properly authenticated plat was placed of record. Such plat had three types of designations: open areas, constituting the interior subdivision streets; 10-foot areas designated for utilities, and two areas marked "40-foot easement." Only the streets were dedicated to the public. It was held that the area marked "easement" was not dedicated to the public although shown on the plat which had been duly recorded. See also City of Elsa v. Weaver, 304 S.W.2d 212 (Tex.Civ.App.—Eastland 1957, no writ).

The trial court did not err in holding that the right-of-way shown on the plat was not dedicated as a roadway across Tract 20 and therefore plaintiffs have no right to use same.

The judgment is affirmed.

APPENDIX