**John P. McGOVERN, Appellant,**

v.

**The CITY OF HOUSTON et al., Appellees.**

**No. 15878.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 9, 1972.

Rehearing Denied April 6, 1972.

COLEMAN, Justice.

This is a suit to remove the cloud cast on the title to a tract of land owned by appellant, which cloud resulted from the recordation of an instrument purporting to dedicate an easement for street purposes out of said tract. The trial was to the court without a jury and resulted in a judgment that the plaintiff take nothing. Findings of fact and conclusions of law were filed.

In 1927 Braeswood Corporation acquired a tract of land containing about 150 acres in Harris County, Texas, outside the city limits of the City of Houston. This tract fronted on Bellaire Boulevard. It has since been annexed to the City and is located near Brompton Boulevard and Kirby Drive. A plat or diagram of the tracts of land is included for clarity, and will be referred to hereafter.

EXHIBIT

In 1929 Braeswood Corporation borrowed $100,000.00 from Mrs. Mary Ann Sweeney and as security for the loan conveyed to John S. Mellinger, trustee, tracts C through G as depicted on the plat. None of these tracts had access to a public road,

and in the deed of trust, following the words of conveyance and the description of the tracts mentioned above, is this language:

". . . Together with an easement 50 feet wide across what is designated as Tract No. 5 . . .; said easement to be for street purposes and for the use and benefit of the holder of said note and lien and shall exist so long as said note and lien or any extension thereof remains unpaid and there shall exist the right of ingress and egress over and across said 50 foot easement for the use and benefit of the holder of the note and lien hereinafter described. The granting of this easement, however, does not constitute a dedication to public use of said 50 foot strip unless said 75 acres should be acquired by foreclosure or otherwise, then and in that event the said Mrs. Mary Ann Sweeney or her successors or assigns to the title to said 75 acres shall have the right to dedicate said easement to public use for street purposes. Upon payment of said note and release of said lien said easement shall revert to the Braeswood Corporation or its successors and assigns; and shall cease to exist. To have and to hold the above described premises, property and improvements, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said trustee, and to his successors or substitutes in this trust and to his and their assigns forever. . . . . The undersigned Houston Land and Trust Company, a Corporation of Harris County, Texas, being the legal owner and holder of that certain indebtedness aggregating the principal sum of $120,000.00, fully described and secured by deed of trust . . . . on said Tract No. 5 over which the above mentioned easement runs, hereby joins in this instrument for the purpose of consenting to and hereby consents to the granting of said easement and agrees that its said deed of trust lien securing said $120,000.00

indebtedness shall be in all things subordinate and inferior to the easement herein granted and that in case of foreclosure of the lien securing said $120,000.00 indebtedness said foreclosure shall be subject to said easement . . . ."

In 1932 the deed of trust on Tracts C through G was foreclosed and said land was conveyed to the Estates of J. J. Sweeney and Mrs. Mary Ann Sweeney, the trustee's deed reciting a bid of $10,000.00 which, less the 5% trustee's fee, was credited on the indebtedness. The easement was described in, and conveyed by, the trustee's deed.

In 1934 the Estates of J. J. Sweeney and Mary Ann Sweeney, by the appropriate testamentary trustees and beneficiary executed an instrument in which it was set out that they "hereby dedicate to Harris County, Texas, for street purposes and for public use as a public road and street," the easement as described in the trustee's deed, "and hereby declare said 50 foot strip of land forever dedicated to public use as a public road and hereby convey to Harris County, Texas, all the right, title and interest of the grantors herein in and to said strip for use by said Harris County, Texas, as a public road and street forever." This instrument was recorded in the Deed Records of Harris County, Texas, on December 12, 1934.

In 1928 Tracts A and B were conveyed to P. D. Timpson, Trustee, by Braeswood Corporation to secure a loan made by Houston Land and Trust Company. This loan was foreclosed and in 1932 the land was conveyed to Houston Land and Trust Company by trustee's deed. In 1939 Houston Land and Trust Company conveyed these tracts to West Securities Company.

In 1941 the testamentary trustees, devisees and successors to the title of the Estates of J. J. and Mary Ann Sweeney executed an instrument in favor of West Securities Company whereby they "remised, released, and quitclaimed" all the right, title and interest of grantors in and to that

certain easement described in the dedication thereof to Harris County, Texas, executed by Carl F. Doehring, et al, dated November 26, 1934. The deed also provided that for the same consideration "Grantors have consented and do hereby consent to the abandonment of said easement and the closing of the same as a public and/or private road or street." This instrument was not recorded until 1956.

In 1968 Fidelity Land and Trust Company acquired title to Tracts A and B, and in 1969 conveyed Tract B to John P. McGovern, appellant.

In 1954 a 5.106 acre tract out of the 75 acre Sweeney Estate tract (shown on the plat as Tract C) was conveyed to the Houston Independent School District, by a general warranty deed. The easement in dispute divides Tract B owned by appellant, and serves only that part of Tract C owned by the School District.

There is no evidence that the easement was ever used for road purposes by anyone or that it was marked on the ground in any manner.

By the quitclaim deed of 1941 the successors to the title of Mrs. Sweeney consented to the abandonment and closing of the public easement. This instrument does not expressly revoke the dedication for public use.

The deed of trust to Mellinger as security for the loan to Braeswood Corporation made by Mrs. Mary Ann Sweeney created a private easement for her use and benefit, and also contained an offer to dedicate the easement to public use for road purposes. This offer was conditioned on the nonpayment of the loan and the purchase of the 75 acres by Mrs. Sweeney, or her successors, at trustee's sale. The deed of trust required that the acceptance of the offer of a public easement be evidenced by an instrument dedicating the easement executed by Mrs. Sweeney, or her successors in title.

A public easement and a private way may exist together over the same land. Tribble v. Dallas Ry. & Terminal Co., 13 S.W.2d 933 (Tex.Civ.App. - Dallas 1929, err. ref.). The debt became in default, and the land was sold at a trustee's sale. The Sweeney Estate purchased the land, and, pursuant to the requirement of the trust instrument, executed an instrument purporting to dedicate to public use an easement over land not owned by it. The execution and filing for record of the instrument of dedication is evidence that the Sweeney Estate purchased the land in reliance on the offer to dedicate the land to public use made by Braeswood Corporation in the deed of trust. On the date the Sweeney Estate purchased the 75 acre tract at the trustee's sale, the land over which the easement runs had been acquired by *Houston Land and Trust Company* subject to the easement created by the deed of trust to Mellinger. Since Houston Land and Trust Company joined in the deed of trust to Mellinger for the purpose of consenting to the granting of said easement and subordinated its lien thereto, its acquisition of title to the land across which the easement ran did not terminate the offer to dedicate the private easement to public use for road purposes. The subsequent purchase of the 75 acre tract at trustee's sale by the Sweeney Estates in reliance on the offer to dedicate the easement for public use constituted a dedication of the easement to public use which, as between the owner of the fee and the Sweeney Estates, was irrevocable by the owner of the fee. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849 (1950); Oswald v. Grenet, 22 Tex. 94 (1858); Parisa v. City of Dallas, 83 Tex. 253, 18 S.W. 568 (1892); City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924 (1904); 19 Tex.Jur.2d, Dedication, § 30.

Prior to the time the quitclaim deed was recorded, the School District had purchased part of the Mary Ann Sweeney property and thereby became one of her "successors in title". There is no evidence that the School District knew that the private easement to the property purchased had been

abandoned, or that its grantors had agreed to the abandonment of the public easement. There is no evidence that West Securities Company had revoked the offer of easement prior to the time the School District acquired its interest in the land.

 In 1968 Fidelity Land and Trust Company of Texas notified Harris County and the City of Houston by letter that the dedication of land for street purposes made by the successors to the title of Mary Ann Sweeney was revoked and terminated. At the time the School District purchased a portion of the tract of land served by the easement the easement was dedicated, and the owners of the fee are estopped to deny the fact.

In Tribble v. Dallas Ry. & Terminal Co., supra, the court said:

> "Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time, it being only sufficient to show unequivocal acts or declarations of the proprietor, dedicating same to public use, and where others act on the faith of such manifested intention, the proprietor will be estopped to deny the dedication or to make any future use of the property inconsistent with any purpose for which the land was dedicated." (Citations omitted)

The trial court made no finding on the question of abandonment of the easement and was not requested to do so. Nonuse alone does not constitute abandonment. Adams v. Rowles, supra. The evidence does not establish abandonment as a matter of law.

The School District's grantor purchased in reliance on the fact that there was access to the land by way of a public easement. The School District succeeded to the right thus acquired by its grantor and was not required to prove that it relied on the continued existence of the easement in order to retain the right thus acquired. Dykes v. City of Houston, 406 S.W.2d 176 (Tex.1966); City of Houston v. Fox, 444 S.W.2d 591 (Tex.1969).

The dedication of the easement for public use was complete when Fidelity Land and Trust Company attempted to revoke and terminate the easement in 1968. The evidence fails to establish a revocation or termination of the easement pursuant to the consent given by the Sweeney Estates. In 1968 the School District had acquired the right to use the easement. Its consent to revoke or terminate the easement is not shown.

The judgment is affirmed.